**Kevin Patrick DOYLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–09–00275–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 3, 2010.

Josh Schaffer, The Schaffer Firm, Houston, TX, for Appellant.

Eric Kugler, Assistant District Attorney of Harris County, Patricia R. Lykos, Harris County District Attorney, Houston, TX, for Appellee.

Panel consists of Justices JENNINGS, HANKS, and BLAND.

## OPINION

GEORGE C. HANKS, JR., Justice.

A jury convicted appellant, Kevin Patrick Doyle, of the Class B misdemeanor offense of driving while intoxicated (DWI) and the trial court assessed punishment at 120 days' imprisonment and an $800 fine. *See* TEX. PENAL CODE ANN. §§ 49.01, 49.04 (Vernon 2003). The trial court suspended the sentence and placed appellant on community supervision for 18 months. On direct appeal, this Court affirmed the conviction, and the Court of Criminal Appeals denied appellant's petition for discretionary review. *Doyle v. State*, 265 S.W.3d 28 (Tex.App.-Houston [1st Dist.] 2008, pet. ref'd). On February 5, 2009, appellant filed an application for a writ of habeas corpus, arguing that this Court improperly affirmed his conviction on a legal theory that was not presented by the State in the trial court. The trial court held a hearing on the writ and denied habeas relief.

Appellant now appeals the trial court's denial of habeas relief. In two points of error, appellant argues that the trial court erred in holding that this Court did not violate his federal constitutional right to due process of law by affirming the trial court's ruling on his motion to suppress evidence. We affirm.

## Background

Just after midnight on June 8, 2006, Officer Margarito Perales watched appellant's vehicle weave into the oncoming lane of traffic in which the officer was traveling and then return to the correct side of the street. Traffic was busy, and Perales testified he had to stop his marked squad car to avoid a head-on collision with appellant. Perales testified that he made a U-turn and initiated a traffic stop because he had reason to believe appellant had committed a traffic violation for failing to drive in a single lane of traffic. Specifically, Perales indicated his belief that appellant had violated the Transportation Code. Perales testified that the street on which appellant was traveling did not have markings dividing the street into lanes.

Appellant told the officer that he was driving home from a wine tasting at a friend's house where he drank two glasses of wine. Officer Perales testified that appellant had red, glassy eyes, slurred speech, and an odor of alcohol on his breath. He also testified that, based on his training and experience, these were signs that a person was under the influence of alcohol. Perales administered field sobriety tests, which appellant failed. Perales subsequently arrested appellant for suspicion of DWI. Appellant was taken to the police station, where he repeated and failed several field-sobriety tests. Appellant submitted to a breath test and registered 0.19 breath alcohol content. The breath test was administered approximately an hour after appellant was stopped by Perales, which indicated that appellant was intoxicated at the time he was driving.

On the day of trial, appellant filed a motion to suppress, alleging that Officer Perales lacked reasonable suspicion to stop

him and seeking to suppress evidence obtained from an allegedly illegal traffic stop. The trial court carried the motion with the trial and withheld ruling until after Perales's testimony. During Perales's testimony, defense counsel asked the officer to indicate the manner in which appellant was driving on a map depicting the roadway. Perales showed with markers on the diagram how appellant's vehicle weaved into the oncoming lane of traffic. Appellant's trial counsel repeatedly questioned whether the street had markings dividing it into lanes. Perales testified that the street did not have markings dividing the lanes but indicated that it was a traffic violation regardless of whether the street was divided clearly with markings.

Outside the presence of the jury, appellant's trial counsel made a short argument on the motion. Appellant's trial counsel stated, "[I]t's clear to me that he's making the stop because he feels like that Section 545.060, driving on the roadway for—for traffic with that portion of the statute has been violated." Appellant's trial counsel proceeded to argue why Officer Perales's testimony did not meet the requirements of Section 545.060 of the Transportation Code; specifically, counsel argued that there was no evidence that appellant's driving was unsafe. The prosecutor responded by arguing there were two independent grounds for the traffic stop: (1) the officer's reasonable belief that a traffic offense was being committed based on appellant's "weaving or failing to maintain a single lane of traffic" and (2) the officer's reasonable belief that the driver of the vehicle was intoxicated, based on his experience and training. The prosecutor never pointed to a specific provision of the Transportation Code. After the brief argument on the motion, the court denied the motion. In denying the motion, the court provided the following explanation on the record:

> [W]hen the weave took place, the officer [was] a few car lengths away and he [was] compelled to stop his car for ... his own safety reason.... Officer Perales had reasonable suspicion ... that 545.060 had been committed. Therefore, he had a valid reason to detain him on a reasonable suspicion on the traffic violation.

On direct appeal, a panel of our Court found that the trial court's denial of the motion was not an abuse of discretion. *Doyle*, 265 S.W.3d at 32. Our Court deferred to the trial court's findings that Officer Perales witnessed appellant weave into the oncoming lane of traffic and was forced to stop his vehicle to avoid a collision with appellant. Applying the applicable standard of review to conclusions of law,[1] we disagreed with the trial court's statement that the officer witnessed a specific violation under Section 545.060, but nevertheless found that the officer had reasonable suspicion that a traffic offense occurred. Specifically, we held that the facts gave rise to a traffic violation under Section 545.051 of the Transportation Code and thus, Perales had reasonable suspicion to believe a traffic violation had occurred. *Id.* at 32.

At trial, appellant's counsel also requested that the jury be provided an instruction pursuant to Article 38.23.[2] Specifically,

---

1. "We review de novo those 'mixed questions of law and fact' that do not turn on an evaluation of credibility and demeanor." *Doyle*, 265 S.W.3d at 31 (quoting *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex.Crim.App.2002)).

2. Article 38.23 provides, "In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury

trial counsel requested that the jury be given an instruction on how to handle illegally obtained evidence. Trial counsel argued that a factual dispute existed as to "the violation of either to maintain a single lane of traffic or weaving[.]" Appellant's trial counsel provided the court with case law, but the court denied the request for instruction. The court explained that appellant never testified that he did not weave, which distinguished the case from the authority presented by trial counsel.

On direct appeal, appellant also argued that the trial court erred in failing to provide the instruction. Our Court noted that appellant did not contest that he weaved into the lane of oncoming traffic; rather, he explained he did so to avoid a parked car. Our Court held that it was not error and the trial court properly refused the instruction because the facts concerning how the evidence was obtained were not in dispute. *Id.* at 33–34.

Appellant filed a petition for discretionary review with the Court of Criminal Appeals, which was denied. In his petition for discretionary review, appellant argued the same points he raised later in his postconviction habeas corpus. The trial court held a hearing on the application for habeas review and issued findings of fact and conclusions of law. The trial court denied habeas relief, concluding in a written order:

> [D]efendant's attorney failed to present any testimony or argument that the defendant violated any section of the Transportation Code by his weaving into oncoming traffic despite his having the opportunity to do so.... Clearly, the defense knew why the defendant was stopped and may not 'lay behind the log' in reliance on the state's argument. It

shall disregard any such evidence so obtained." Tᴇx.Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ Aɴɴ. art.

was readily apparent that Officer Perales had a reasonable suspicion to detain the defendant. The appellate courts have long recognized that the state's failure to list or verbalize every possible basis for holding search legal does not waive the unstated basis for urging validity on appeal.

## Analysis

In two points of error, appellant complains that the trial court erred in denying habeas relief because this Court improperly affirmed the conviction on a legal theory that was not presented by the State in the trial court. Specifically, he contends that our affirmance violated his rights to due process and to a jury charge under our State statutory exclusionary rule.

## A. Standard of Review

We review the trial court's denial of habeas relief under an abuse of discretion standard, and will consider the facts in the light most favorable to the court's ruling. *Ex parte Wheeler,* 203 S.W.3d 317, 324 (Tex.Crim.App.2006). We afford almost complete deference to the trial court's determination of historical facts supported by the record, especially when those factual findings rely upon an evaluation of credibility and demeanor. *Ex parte Tarlton,* 105 S.W.3d 295, 297 (Tex.App.-Houston [14th Dist.] 2003, no pet.). We apply the same deference to review the trial court's application of law to fact questions, if the resolution of those determinations rests upon an evaluation of credibility and demeanor. *Id.* However, if the outcome of those ultimate questions turns upon an application of legal standards, we review

38.23(a) (Vernon 2005).

the trial court's determination de novo. *Id.*

## B. Availability of Writ

"[B]oth federal and Texas courts have confined the scope of post-conviction writs of habeas corpus to jurisdictional or fundamental defects and constitutional claims." *Ex parte Graves,* 70 S.W.3d 103, 109 (Tex. Crim.App.2002). Appellant filed his writ pursuant to Article 11.072 of the Texas Code of Criminal Procedure arguing a violation of due process under the United States Constitution. Accordingly, we consider the availability of writ relief under both the Texas statutory scheme and federal constitutional law.

### 1. *Article 11.072 of the Texas Code of Criminal Procedure*

■■■ "Habeas corpus is an extraordinary remedy and is available only when there is no other adequate remedy at law." *Ex parte Cruzata,* 220 S.W.3d 518, 520 (Tex.Crim.App.2007). Article 11.072 establishes the procedures for an applicant to seek habeas corpus relief "from an order or a judgment of conviction ordering community supervision." Tex.Code.Crim. Proc. Ann. art. 11.072, § 1 (Vernon 2005). The statute expressly provides that writ relief is not available "if the applicant could obtain the requested relief by means of an appeal under Article 44.02 and Rule 25.2, Texas Rules of Appellate Procedure." [3] *Id.* § 3(a). Further, "a claim which was previously raised and rejected on direct appeal is not cognizable on habeas corpus." *Ex parte Torres,* 943 S.W.2d 469, 475 (Tex.Crim.App.1997). However, habeas relief may be available for review of an issue which was not apparent from the record on direct appeal. *See Ex parte*

*Rich,* 194 S.W.3d 508, 512–13, n. 9 (Tex. Crim.App.2006).

Because appellant received a probated sentence from the trial court, appellant's application for habeas relief is governed by Article 11.072. Appellant had the ability to raise these issues on appeal and pursued that opportunity by actually raising the issues on direct appeal.

Appellant's argument is entirely based on the theories and evidence presented at trial to establish reasonable suspicion to initiate the traffic stop. The section titled "Relevant Facts" in appellant's writ application provides facts taken directly from and cited to the record from the DWI trial. Appellant attached with his habeas application his affidavit and the affidavits of two of his trial attorneys recalling the testimony and arguments given at the DWI trial that had occurred two-and-a-half years earlier. The accounts do not provide any additional information that is not reflected in the trial record. We also note that appellant's and trial counsels' narratives recalling the testimony given at the DWI trial do not provide the best evidence of the trial testimony when the record transcript of the trial is available. *See* Tex.R. Evid. 1002 ("To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required except as otherwise provided in these rules or by law."). The affidavits provide no evidence, and thus, the fact that appellant attached affidavits to his application does not transform his habeas claim into an "issue which was not apparent from the record on direct appeal." *See Rich,* 194 S.W.3d at 512–13, n. 9.

Under the express terms of the Texas statute, the issues presented by appellant are not cognizable for habeas review. *See*

---

3. Rule 44.2 of the Texas Rules of Appellate Procedure provides the reversible error standard in criminal cases on direct appeal, and

Rule 25.2 provides the right to appeal and standard for perfecting an appeal in a criminal case. Tex.R.App. P. 25.2, 44.2.

TEX.CODE.CRIM. PROC. ANN. art. 11.072, § 3(a).

### 2. Writ Relief for Constitutional Violations

■ Additionally, appellant recasts his two issues as violations of constitutional magnitude, arguing that both alleged errors resulted in a denial of due process. Federal and Texas state courts limit the review of post-conviction writs to jurisdictional or fundamental defects and constitutional claims. *Graves,* 70 S.W.3d at 109. "Violations of statutes, rules, or other non-constitutional doctrines are not recognized" on collateral review. *Id.* (citing *Ex parte Sadberry,* 864 S.W.2d 541, 542 (Tex. Crim.App.1993) (habeas writ cannot be invoked for mere statutory irregularities in criminal proceedings)). "[A] trial court's failure to adhere to statutory procedures serving to protect a constitutional provision violates the statute, not the constitutional provision itself." *Id.* (citing *Sadberry,* 864 S.W.2d at 542 n. 5 ("[w]hile we do not sanction noncompliance with procedural rules designed to safeguard constitutional rights, the writ was not intended to provide for relief for such noncompliance where the record is otherwise clear on the rights to which the procedural formalities pertain.")).

■ Appellant's second issue, the alleged failure to provide an instruction under Article 38.23, relates to the trial court's failure to adhere to statutory procedure. *See Graves,* 70 S.W.3d at 109. Thus, even if the trial court committed error in not instructing the jury, appellant could not obtain relief on habeas review because he invokes a statute, not a constitutional right. *See id.*

■ With regard to his first issue, appellant argues that his federal constitutional rights to procedural due process were violated by likening our de novo review of the trial court's conclusions of law to a failure "to give a defendant ample opportunity to meet an accusation." As a preliminary matter, we note that appellant's argument that the State argued a legal theory for the first time on appeal is misguided. First, appellant's argument is flawed because the State did not offer a different theory of admissibility for the first time on appeal; at all times the State has argued that reasonable suspicion existed to justify the traffic stop. Appellant cites to *Steagald v. United States* to support his argument that it violates due process when the State asserts a legal theory of admissibility for the first time on appeal. *See* 451 U.S. 204, 208–11, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981). In that case, the Court observed, "The Government ... may lose its right to raise factual issues of this sort before this Court when it has made contrary assertions in the courts below, when it has acquiesced in contrary findings by those courts, or when it has failed to raise such questions in a timely fashion during the litigation." *Id.* The other cases cited by appellant also relate to the Government asserting an inconsistent theory for the first time on appeal and asking the appellate court to remand for further factual determinations. *See, e.g., Combs v. United States,* 408 U.S. 224, 226–28, 92 S.Ct. 2284, 33 L.Ed.2d 308 (1972); *Wilson v. State,* 692 S.W.2d 661, 663–64 (Tex.Crim.App. 1984).

The present case is distinguishable from the cited case law because at all times the State has asserted that Officer Perales had reasonable suspicion to initiate the traffic stop and has never taken a position that is inconsistent to that theory. Contrary to appellant's representation of the facts, the State did not limit its reasonable suspicion argument to violation of one particular statute. Officer Perales testified that appellant weaved from his side of the road

into oncoming traffic, and he had to stop his squad car to avoid a head-on collision with appellant. Perales testified that he believed appellant had committed a traffic violation but never named a specific section. The prosecutor's argument against the suppression motion summarized the facts testified to by the officer which gave rise to reasonable suspicion that appellant had committed a traffic offense. The prosecutor also never named a specific section but, rather, said that appellant's driving gave rise to reasonable suspicion on several grounds.

The appellate court must affirm a trial court's ruling regarding a motion to suppress if it is reasonably supported by the record and is correct under any theory of law, even if the trial court relied on the incorrect ground. *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990). Applying this standard on direct appeal in the instant case, this Court held that the record supported the denial of the suppression motion on a finding of reasonable suspicion that appellant had committed a traffic offense by weaving into the left side of the road in the face of an oncoming marked squad car. *Doyle,* 265 S.W.3d at 32.

Because appellant is merely relitigating his motion for suppression under the exclusionary rule, appellant is not entitled to habeas relief as a matter of law. *See* Tex.Code.Crim. Proc. Ann. art. 11.072; *Graves,* 70 S.W.3d at 109. Accordingly, the trial court properly denied habeas relief.

We overrule appellant's first and second issues.

### Conclusion

We affirm the judgment of the trial court denying habeas relief.

Justice JENNINGS, concurring.

TERRY JENNINGS, Justice, concurring.

The majority erroneously concludes that this Court did not err in previously holding that the trial court did not abuse its discretion in denying the motion to suppress evidence of appellant, Kevin Patrick Doyle, in the underlying case in which appellant was convicted of the offense of driving while intoxicated. *See Doyle v. State,* 265 S.W.3d 28, 32 (Tex.App.-Houston [1st Dist.] 2008 pet. ref'd). However, because no authority supports appellant's contention that he was denied due process by this Court's error, I concur in the judgment.

At the hearing on appellant's motion to suppress evidence, the State specifically argued that the police officer who arrested appellant had reasonable suspicion to initially detain him because the officer saw him violate section 545.060 of the Texas Transportation Code, which requires one to drive one's car "as nearly as practical entirely within a single lane" when the roadway is "divided into two or more clearly marked lanes for traffic." *Id.,* Tex. Transp. Code Ann. § 545.060 (Vernon 1999). The officer specifically testified that he "stopped appellant because he weaved into the opposing lane of traffic." *Doyle,* 265 S.W.3d at 32. And, the trial court specifically concluded that the officer had "reasonable suspicion that appellant committed a traffic violation, namely a violation of Transportation Code section 545.060." *Id.*

The problem, as pointed out by this Court, with the trial court's conclusion is that appellant could not possibly have violated section 545.060 because the officer had also testified that the street in question "did not have clearly marked lanes." *Id.; see Keehn v. State,* 279 S.W.3d 330, 334 (Tex.Crim.App.2009) (when reviewing trial court's decision on motion to suppress, appellate court "afford[s] almost to-

tal deference" to trial court's findings of facts when "based on an evaluation of credibility and demeanor," if the evidence supports those findings).

When "on appeal the State argued that section 545.051 of the Transportation Code justified the stop," our task became to determine if the evidence, viewed in the light most favorable to the trial court's ruling and irrespective of the officer's subjective intent, supported an implied finding of an objective basis for reasonable suspicion for the officer to have stopped appellant. *Doyle*, 265 S.W.3d at 32; *see* TEX. TRANSP. CODE ANN. § 545.051(a) (Vernon 1999); *State v. Kelly*, 204 S.W.3d 808, 819 (Tex.Crim.App.2006) ("appellate court implies the necessary fact findings that would support the trial court's ruling if the evidence (viewed in the light most favorable to the trial court's ruling) supports these implied fact findings"). Reasonable suspicion is supported by the record only when the record contains testimony including "specific, articulable facts" that would have led the officer to reasonably conclude that a person had engaged or was about to engage in criminal activity. *Castro v. State*, 227 S.W.3d 737, 741 (Tex.Crim.App. 2007).

This Court agreed with the State and concluded that the officer "had reasonable suspicion that appellant had violated section 545.051." *Doyle*, 265 S.W.3d at 32. However, section 545.051 requires a driver "on a roadway of *sufficient width* [to] drive on the right half of the roadway," unless the driver is passing or avoiding an obstruction, but still yields the right of way to an oncoming car in the unobstructed portion of the roadway. TEX. TRANSP. CODE ANN. § 545.051(a) (emphasis added). At the hearing on appellant's motion, the officer offered no "specific, articulable facts" that the roadway in question was of "sufficient width" to provide reasonable suspicion that appellant was not driving on the

"right half of the roadway" or, in trying to avoid a "parked car," appellant failed to yield the unobstructed portion of the roadway to the officer's oncoming car. Accordingly, this Court erred in holding that the trial court did not abuse its discretion in denying appellant's motion.

Nevertheless, no existing authority supports appellant's contention that "the trial court erred in holding that [this Court] did not violate appellant's federal constitutional right to due process of law in affirming the trial court's incorrect ruling on his motion to suppress evidence, based on a legal theory asserted by the State for the first time on appeal and not supported by the record."

Appellant asserts that this Court's erroneous holding denied him the opportunity in the trial court to contest whether specific articulable facts would have supported an implied finding of an objective basis for reasonable suspicion for the officer to have stopped him. Also, as noted by appellant, had the issue been properly presented below, because his testimony contradicted that of the police officer, he would have been entitled to have the jury instructed on and decide the issue. *See* TEX.CODE CRIM. PRO. ANN. art. 38.23 (Vernon 2005). These points have merit and are well taken.

However, the authorities cited by appellant do not support his assertion that he is entitled to habeas corpus relief. Rather, the cases cited by him involve equitable estoppel and the erroneous affirmance by appellate courts of jury verdicts of guilty on legal or factual bases not pleaded at trial. *See Dunn v. United States*, 442 U.S. 100, 106, 99 S.Ct. 2190, 2194, 60 L.Ed.2d 743 (1979) ("To uphold a conviction on a charge that was neither alleged in an indictment nor presented to a jury at trial offends the most basic notions of due process."); *Cole v. Arkansas*, 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644 (1948)

("It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made."); *Schmidt v. State,* 278 S.W.3d 353, 358 (Tex.Crim.App.2009) (citing to *New Hampshire v. Maine,* 532 U.S. 742, 749–51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) ("equitable rule of judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase")); *Wooley v. State,* 273 S.W.3d 260, 268–72 (Tex.Crim.App.2008) (appellant's due process rights violated when court of appeals affirmed conviction under theory not submitted to jury); *Malik v. State,* 953 S.W.2d 234, 238 n. 3 (Tex.Crim.App.1997) ("due process prevents an appellate court from affirming a conviction based upon legal and factual grounds that were not submitted to the jury, ... [but] ... due process is [not] necessarily violated by affirming a conviction in which the jury charge contains extra, unnecessary elements that are not supported by the evidence") (internal citations omitted).

Moreover, habeas corpus is an extraordinary remedy that is available only when there is no other adequate remedy at law. *Ex parte Cruzata,* 220 S.W.3d 518, 520 (Tex.Crim.App.2007). Consequently, habeas corpus may not be used to assert claims that could have been asserted on direct appeal. *Id.* Appellant could and did seek correction of this Court's error in the Texas Court of Criminal Appeals, which, in its discretion, declined to review the matter. Thus, appellant had an adequate remedy at law. *See id.*

Accordingly, I concur in the judgment of this Court.