

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00344-CR

## EX PARTE WILLIAM RENE DIAZ,

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 04-02588-CRF-272-A

## MEMORANDUM OPINION

On August 30, 2004, William Rene Diaz pleaded guilty to the felony offense of driving while intoxicated with a child passenger. TEX. PENAL CODE ANN. 49.045 (Vernon Supp. 2010). The trial court convicted appellant and assessed his punishment at two years in a state jail facility and a $500 fine. The trial court suspended imposition of the sentence and placed Diaz on community supervision for four years. The trial court entered an order September 8, 2008, discharging Diaz from community supervision. On June 21, 2010, Diaz filed an Application for Writ of Habeas Corpus under TEX. CODE CRIM. PRO. ANN. art. 11.072 (Vernon 2005). The trial court denied Diaz's Application for Writ of Habeas Corpus. We affirm.

We review the trial court's denial of habeas relief under an abuse of discretion standard and will consider the facts in the light most favorable to the court's ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex.Crim.App.2006); *Doyle v. State*, 317 S.W.3d 471, 475 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). We afford almost complete deference to the trial court's determination of historical facts supported by the record, especially when those factual findings rely upon an evaluation of credibility and demeanor. *Doyle v. State*, 317 S.W.3d at 475. We apply the same deference to review the trial court's application of law to fact questions, if the resolution of those determinations rests upon an evaluation of credibility and demeanor. *Id*. However, if the outcome of those ultimate questions turns upon an application of legal standards, we review the trial court's determination de novo. *Id*.

In his sole issue on appeal, Diaz argues that the trial court abused its discretion by not evaluating his Writ of Habeas Corpus in light of *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010). In *Padilla*, the Court stated that a defendant is entitled to effective assistance of counsel before deciding whether to plead guilty. *Padilla v. Kentucky*, 130 S.Ct. at 1480-1; *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052 80 L.Ed.2d 674 (1984). The Court held that counsel must inform his client whether his plea carries a risk of deportation. *Padilla v. Kentucky*, 130 S.Ct. at 1486.

Diaz argues that he received ineffective assistance of counsel because his trial counsel failed to inform him that he would no longer be eligible for Temporary Protected Status as a result of his felony conviction. Diaz states that he would not have entered a plea if he knew he would lose TPS status and face deportation.

In an affidavit, trial counsel stated that Diaz was incarcerated on the DWI charge and also an I.N.S hold on an immigration matter. Trial counsel got the immigration hold lifted, and Diaz was released on bond on the DWI charge. Trial counsel stated that Diaz's primary concern was that he not go back to jail, even as a condition of probation. Diaz agreed to accept four years of community supervision with no jail time. Trial counsel further stated, "I explained to him that there was a significant chance that he could be deported as a result of his felony conviction."

The record shows that at the hearing on Diaz's guilty plea, the trial court admonished Diaz that he could be deported as a result of his guilty plea. Diaz was provided a certified translator at the plea hearing. The plea forms were also translated into Spanish and reviewed with Diaz.

The trial court applied the standards for ineffective assistance of counsel set out in *Strickland v. Washington* and concluded that Diaz had not met his burden to show that he received ineffective assistance. The record shows that trial counsel informed Diaz he could be deported as a result of his plea as required by *Padilla*. Although the trial court does not cite *Padilla*, Diaz has not shown that the trial court abused its discretion in failing to evaluate his Application for Writ of Habeas Corpus in light of *Padilla*. We overrule Diaz's sole issue on appeal.

We affirm the trial court's order denying habeas relief.


AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed February 9, 2011
Do not publish
[CR25]