**Affirmed and Opinion and Concurring Opinion filed April 2, 2013.**



In the

# Fourteenth Court of Appeals

## NO. 14-12-00540-CR

## EX PARTE ROBYN M. REED

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1164028-A**

### O P I N I O N

Applicant Robyn M. Reed appeals the habeas court's order denying her post-conviction application for writ of habeas corpus on her conviction for theft of welfare benefits valued at more than $1,500 but less than $20,000. On direct appeal, applicant complained of the legal and factual sufficiency of the evidence to support her conviction, and we affirmed. *Reed v. State*, No. 14-09-00372-CR, 2010 WL 2195955 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (mem. op., not designated for publication). In her current appeal, applicant argues in two issues that she is entitled to habeas relief because there is no evidence that she

unlawfully appropriated at least $1,500 in welfare benefits. Finding no abuse of discretion by the habeas court, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In this court's opinion on applicant's direct appeal, we summarized the background of her case:

> Appellant submitted an application for welfare benefits on July 12, 2006, in which she stated that she was unemployed and had no source of income. Appellant initially indicated on her application that she was employed by Pappadeaux Restaurant, but she marked through this entry and wrote "quit" next to it.
>
> Jose Vazquez, a Texas Department of Health and Human Services ("TDHHS") employee, contacted appellant by telephone on September 5, 2006 regarding her application. Appellant told Vazquez that she currently was unemployed and had no source of income. She informed Vazquez that she formerly was employed by Pappadeaux Restaurant, but had quit her job in March 2006. Appellant's application was approved, and she began receiving food stamp and Medicaid benefits. Appellant filed an application for recertification of her eligibility to receive welfare benefits on December 14, 2006. She stated on her December 14, 2006 application that she was employed by Pappadeaux Restaurant.
>
> In 2007, appellant's case file was "flagged" for investigation by the Texas Workforce Commission ("TWC"); Robert Rodgers, a TDHHS investigator, was assigned to investigate appellant's case file. Rodgers discovered that appellant was employed by Pappadeaux Restaurant from April 28, 2005 to March 9, 2006 and again from June 6, 2006 until July 17, 2007. Rodgers calculated the benefits that appellant would have been entitled to receive from September 2006 through February 2007 had she reported her employment, and determined that appellant had received an over-issuance of $1,806.13 in welfare benefits during that period.
>
> Appellant was indicted for the offense of theft of welfare benefits valued at more than $1,500 but less than $20,000 "pursuant to one scheme and continuing course of conduct." After a jury trial, the jury found appellant guilty as charged in the indictment. The trial court

2

signed its judgment on April 20, 2009, and assessed punishment at confinement for one year probated for one year of community supervision.

*Id.* at *1. Applicant presented three issues in her direct appeal: (1) legal sufficiency of the evidence to establish that she received an over-issuance of more than $1,500 in welfare benefits; and (2) legal and (3) factual sufficiency of the evidence to establish that applicant intended to deprive the State of the over-issued welfare benefits and deceived the State to obtain the over-issued welfare benefits. *Id.* We overruled applicant's issues, concluding that the jury could have found beyond a reasonable doubt that applicant received an over-issuance of more than $1,500 in welfare benefits, *id.* at *7, and the jury could have found beyond a reasonable doubt that applicant deceived and intended to deprive the State of the over-issued benefits, *id.* at *4, 5. Applicant reurged these issues in her petition for discretionary review, which the Court of Criminal Appeals refused.

Applicant then filed an application for writ of habeas corpus, arguing that there is no evidence to support her conviction because investigator Rodgers' testimony is incompetent; that applicant is actually innocent because there is no evidence that applicant unlawfully appropriated at least $1500.00 in welfare benefits; and accordingly, that applicant's right to due process was violated. The habeas court denied applicant's request for relief, and issued findings of fact and conclusions of law. The habeas court issued findings that "[a]pplicant raised the same issues in her application for Writ of Habeas Corpus that were argued in her appeal" and that these issues were "addressed by the Court of Appeals." The habeas court concluded that applicant's allegations were not cognizable on a writ of habeas corpus, and that applicant was manifestly entitled to no relief.

On appeal, applicant argues that the habeas court incorrectly denied her

application because her no-evidence challenges on due process grounds are cognizable on a habeas corpus action. Applicant then presents the same two issues from her application that she alleges entitle her to habeas relief: (1) the State's evidence of value based on Rodgers' incompetent testimony amounts to no evidence and (2) the record conclusively establishes as a matter of law that applicant did not unlawfully appropriate at least $1,500 in welfare benefits.

## II.    STANDARD OF REVIEW

Texas Code of Criminal Procedure article 11.072 establishes the procedure for an applicant to seek habeas corpus relief "from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1 (West 2012). We have jurisdiction to consider appeals of denials of habeas corpus relief in cases in which community supervision has been ordered under article 11.072. *Id.* art. 11.072, § 8.

We review the trial court's denial of habeas corpus relief under an abuse-of-discretion standard, and consider the facts in the light most favorable to the habeas court's ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle her to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). We afford almost complete deference to the habeas court's determination of historical facts supported by the record, especially when those factual findings rely upon an evaluation of credibility and demeanor. *Ex parte Tarlton*, 105 S.W.3d 295, 297 (Tex. App.—Houston [14th Dist.] 2003, no pet.). We apply the same deference to review the habeas court's application of law to fact questions, if the resolution of those determinations rests upon an evaluation of credibility and demeanor; if the outcome of those ultimate questions turns upon an application of legal standards,

4

we review the habeas court's determination de novo. *Id.*

### III.     ANALYSIS

For a court to reach the merits of an applicant's claim on habeas corpus, the applicant's claim must be cognizable on habeas corpus. *See Ex parte Perales*, 215 S.W.3d 418, 419–20 (Tex. Crim. App. 2007); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994) ("A threshold determination in any post[-]conviction habeas corpus application is whether the claim presented is cognizable by way of collateral attack.").

A writ of habeas corpus ordinarily may not be used to relitigate matters that already were raised and rejected on direct appeal. *Ex parte Brown*, 205 S.W.3d 538, 546 (Tex. Crim. App. 2006) ("[H]abeas relief is not available to one who has already litigated his claim at trial, in post-trial motions, or on direct appeal."); *Ex parte Acosta*, 672 S.W.2d 470, 472 (Tex. Crim. App. 1984); *Doyle v. State*, 317 S.W.3d 471, 476 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) ("Further, 'a claim which was previously raised and rejected on direct appeal is not cognizable on habeas corpus.'" (quoting *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997))).[1]

In addition, it is well settled that the sufficiency of the evidence supporting a conviction cannot be collaterally attacked. *See Perales*, 215 S.W.3d at 419 ("It is well settled that a challenge to the sufficiency of the evidence is not cognizable on an application for a post-conviction writ of habeas corpus."); *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004) ("[I]t is well-established that a

---

[1] "[T]his doctrine should not be applied where [1] direct appeal cannot be expected to provide an adequate record to evaluate the claim in question, and [2] the claim might be substantiated through additional evidence gathering in a habeas corpus proceeding." *Ex parte Nailor*, 149 S.W.3d 125, 131 (Tex. Crim. App. 2004) (quoting *Torres*, 943 S.W.2d at 475). Applicant does not advance this exception here.

challenge to the sufficiency of the evidence used to sustain a felony conviction is not cognizable on an application for a post-conviction writ of habeas."); *McLain*, 869 S.W.2d at 350 ("Among those claims which are not cognizable by way of post[-]conviction collateral attack is a challenge to the sufficiency of the evidence."); *Ex parte Brown*, 757 S.W.2d 367, 368 (Tex. Crim. App. 1988) (agreeing that "it has long been the rule in this State that sufficiency of evidence claims may not be raised in a collateral attack"); *Ex parte Williams*, 703 S.W.2d 674, 677 (Tex. Crim. App. 1986) (noting general rule "that the sufficiency of the evidence cannot be attacked collaterally" "has been applied or intended to apply across the board to all types of criminal cases").[2]

Despite these rules, applicant urges that this court must review her habeas claims based on a "no-evidence exception," and relies on *Williams*, 703 S.W.2d at 679, *Brown*, 757 S.W.2d at 368–69, and *Perales*, 215 S.W.3d at 419. Applicant thus argues her claims are cognizable on habeas review based on the constitutional due-process prohibition against convictions that are totally devoid of evidentiary support.[3]

Here, in its findings of fact and conclusions of law, the habeas court stated that allegations rejected on direct appeal are not cognizable on a writ of habeas

---

[2] The Court of Criminal Appeals recognizes two types of "actual innocence" claims that are cognizable on habeas review. The first is a claim recognized in *Herrera v. Collins*, 506 U.S. 390 (1993), which is a substantive claim in which the applicant asserts innocence based solely on newly discovered evidence. *In re Allen*, 366 S.W.3d 696, 700 (Tex. 2012) (citing *Ex parte Franklin*, 72 S.W.3d 671, 675 (Tex. Crim. App. 2002)). The second is a claim recognized in *Schlup v. Delo*, 513 U.S. 298 (1995), which "is a procedural gateway through which a petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Allen*, 366 S.W.3d at 700. In a *Schlup*-type claim, the applicant "must show that the constitutional error probably resulted in the conviction of one who was actually innocent." *Ex parte Spencer*, 337 S.W.3d 869, 878 (Tex. Crim. App. 2011). Applicant does not advance either type of actual-innocence exception here.

[3] *See Thompson v. City of Louisville*, 362 U.S. 199, 199, 206 (1960).

corpus, citing *Acosta*, 672 S.W.2d at 472. The habeas court issued a finding that "[i]n this writ of habeas corpus, the Applicant asserts issues that were raised on appeal and addressed by the Court of Appeals." Therefore, the habeas court determined "from the face of the application for writ of habeas corpus and[/]or documents attached to the application that the applicant is manifestly entitled to no relief."

Applicant acknowledges the general rule that issues raised and rejected on direct appeal may not be considered in a post-conviction habeas application, and does not dispute that she presented both of the issues she raises in her application for habeas relief to this court and to the Court of Criminal Appeals on her direct appeal in the context of a sufficiency challenge. Nevertheless, applicant invokes the no-evidence exception and argues that the habeas court erred when it concluded that her claims were not cognizable on habeas corpus.

We cannot agree that the habeas court abused its discretion when it denied applicant's request for habeas relief. This court previously rejected applicant's argument that the evidence was legally insufficient to establish that she received an over-issuance of more than $1,500 in welfare benefits. *Reed*, 2010 WL 2195955, at *7. In doing so, this court particularly considered applicant's challenges to Rodgers' testimony regarding and his calculations of the welfare benefits over-issued to applicant. *Id.* at *6–7. Indeed, applicant concedes that both arguments she now asserts as grounds for habeas relief—"(1) the only evidence with regard to the amount stolen is the *ipse dixit* statement of the State's investigator, which constitutes no evidence, and (2) alternatively, the amount of the [welfare] benefits allegedly stolen do not exceed $1,500 as a matter of law, which results in the record being a complete lack of evidentiary support for the conviction"—were "presented by [applicant] to the court of appeals and to the Court of Criminal

7

Appeals." According to applicant, however, we should reconsider the merits of the exact same arguments because they are now presented as no-evidence claims. Recasting arguments that have already been rejected on sufficiency grounds as no-evidence arguments does not otherwise render them cognizable on habeas review. *Cf. Ex parte Cantrell*, 112 S.W.3d 753, 755–56 (Tex. App.—Beaumont 2003, pet. ref'd) (concluding issue that applicant was "actually innocent of the crime of conviction because there is no evidence" of essential element was not cognizable on habeas review where argument was "virtually identical" to applicant's sufficiency argument already rejected on direct appeal).

Moreover, the cases applicant argues in support of applying a no-evidence exception here are distinguishable. In *Ex parte Moffett*, the Court of Criminal Appeals granted habeas relief and overturned the applicant's probation revocation "[s]ince the conviction for which the court revoked probation was for an offense committed before the appellant was granted probation." 542 S.W.2d 184, 186 (Tex. Crim. App. 1976); *see also Williams*, 703 S.W.2d at 679 ("*Moffett* . . . appears to be more of a fundamental fairness case than a true no evidence case."). In *Perales*, the Court of Criminal Appeals granted habeas relief and rendered a judgment of acquittal for the applicant who had pleaded guilty to delivery of cocaine to her unborn baby because, based on its holdings, meeting the statutory element of delivery by actual transfer of a controlled substance was not legally possible where the alleged transferee was an unborn child. 215 S.W.3d at 419–20 (upholding habeas court's finding that despite being pleaded as "'no evidence or insufficient evidence' claims, applicant's real complaint is that her sentence is illegal"). Unlike in those cases, where the applicants advanced no direct appeals, applicant here raised the exact same arguments in the context of a sufficiency review, which this court rejected. Here, this court already considered the evidence

the State presented with regard to the amount of welfare benefits applicant allegedly over-issued to applicant, including the alleged *ipse dixit* opinion of Rodgers and Rodgers' alleged over-calculations, and determined that it was legally sufficient to support her conviction. *Reed*, 2010 WL 2195955, at *7. Applicant may not re-weigh the same evidence in this proceeding.

Therefore, because applicant now asserts the same issues that already were raised and rejected on direct appeal, applicant's claims are not cognizable on habeas review. We conclude that the habeas court did not abuse its discretion in refusing to reach the merits of and in denying her application for habeas relief.

## IV. CONCLUSION

Accordingly, we affirm the habeas court's order denying applicant's application for writ of habeas corpus.

/s/ Tracy Christopher
Justice

Panel consists of Justices Frost, Christopher, and Jamison. (Frost, J., concurring). Publish — TEX. R. APP. P. 47.2(b).