

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00252-CR

EX PARTE GEORGE JAMIL
WEHBE

----------

FROM CRIMINAL DISTRICT COURT NUMBER ONE OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant George Jamil Wehbe appeals from the trial court's denial of his application for post-conviction writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005). Because the trial court did not abuse its discretion by denying his application, we will affirm the trial court's order.

---

[1]*See* Tex. R. App. P. 47.4.

## II. BACKGROUND

Wehbe was convicted of theft of vehicles with a combined value of not less than $1,500 but not more than $20,000, a state jail felony. *See* Tex. Penal Code Ann. § 31.03(a), (e)(4) (West Supp. 2012). The trial court sentenced Wehbe to a $1,000 fine and two years' confinement, with the confinement portion of his sentence probated for five years. Wehbe appealed to this court, arguing in part that the evidence was insufficient to support his conviction. *See Wehbe v. State*, No. 02-07-00407-CR, 2011 WL 1743785, at *1 (Tex. App.—Fort Worth May 5, 2011, pet. ref'd) (mem. op., not designated for publication). We held that the evidence was insufficient to support a verdict of guilt beyond a reasonable doubt as to theft of two of the four vehicles that the State alleged Wehbe had stolen, but we ultimately upheld the state-jail-felony theft conviction because we held the evidence sufficient as to theft of the remaining two vehicles and because the evidence showed that the combined value of those two vehicles was over $1,500. *See id.* at *6–8; *see also* Tex. Penal Code Ann. § 31.03(e)(4).

Wehbe subsequently filed an application for writ of habeas corpus, seeking reformation of the judgment to reflect conviction for class A misdemeanor theft and to lower his community supervision term to two years. He argued that this court's determination on appeal that insufficient evidence existed to show theft of two of the vehicles, coupled with the trial court's determination that Wehbe owed restitution to the owners of the two remaining vehicles in the amount of $1,100, demonstrate that the value of the property stolen does not satisfy the

2

jurisdictional $1,500 minimum for state jail felony theft. After the State filed a response, the trial court denied Wehbe's application and entered findings of fact and conclusions of law.[2]

### III. SUFFICIENCY CLAIM NOT COGNIZABLE

Article 11.072 of the Texas Code of Criminal Procedure "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." Tex. Code Crim. Proc. Ann. art. 11.072, § 1. When reviewing the trial court's denial of an application for writ of habeas corpus under article 11.072, the appellate court must view the facts in the light most favorable to the trial court's ruling and uphold that ruling absent an abuse of discretion. *See Ex Parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006).

Generally, a claim that has been previously raised and rejected on direct appeal is not cognizable on habeas corpus. *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997); *Doyle v. State*, 317 S.W.3d 471, 476 (Tex. App.— Houston [1st Dist.] 2010, pet. ref'd); *see also Ex parte Brown*, 205 S.W.3d 538,

---

[2]The trial court did not enter a written order denying the application, but at the end of its findings of fact and conclusions of law, under a paragraph entitled, "Recommendation," it states, "For all the above reasons, this Court recommends that relief be denied on Applicant's habeas petition. So ordered on this 10 day of May of 2013." We will consider this as a written order. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 6(a) ("[T]he trial court shall enter a written order granting or denying the relief sought in the application."); *Few v. State*, 230 S.W.3d 184, 189 (Tex. Crim. App. 2007) (declining to elevate form over substance).

3

546 (Tex. Crim. App. 2006). Additionally, a challenge to the sufficiency of the evidence is not cognizable on an application for a post-conviction writ of habeas corpus. *Ex parte Perales*, 215 S.W.3d 418, 419 (Tex. Crim. App. 2007); *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). The sole exception is when the record is "totally devoid" of evidentiary support so as to render the conviction unconstitutional under the due process clause of the Fourteenth Amendment of the United States Constitution. *Perales*, 215 S.W.3d at 419–20.

Wehbe's complaint in his application—that the value of the two vehicles stolen does not satisfy the jurisdictional $1,500 minimum for a state-jail-felony theft conviction—boils down to a complaint about the sufficiency of the evidence. *See Perales*, 215 S.W.3d at 419–20; *see also* Tex. Code Crim. Proc. Ann. art. 11.072, § 3(a) ("An application may not be filed under this article if the applicant could obtain the requested relief by means of an appeal . . . ."). We addressed the sufficiency of the evidence on direct appeal, where we determined that "[t]he evidence shows that the combined value of [the two vehicles] exceeded the $1,500 jurisdictional minimum for state jail felony theft." *Wehbe*, 2011 WL 1743785, at *8. Having previously rejected his sufficiency claim on direct appeal, we hold that the trial court did not abuse its discretion by concluding that Wehbe's claim is not cognizable in a habeas proceeding.[3] *See Ex parte Torres*, 943 S.W.2d at 475; *Doyle*, 317 S.W.3d at 476.

---

[3]Wehbe has filed a motion requesting that this court take judicial notice of the trial court's record from his trial and of our opinion on direct appeal. *See* Tex.

4

## IV. CONCLUSION

We affirm the trial court's order denying Wehbe's application for writ of habeas corpus.

PER CURIAM

PANEL:  WALKER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 1, 2013

---

R. Evid. 201.  Because we hold that his claim is not cognizable in a habeas proceeding, and to the extent that these documents are not already part of the record in this habeas proceeding, we deny Wehbe's motion.