

IN THE
TENTH COURT OF APPEALS

———————————

No. 10-13-00012-CR

EX PARTE ARMANDO HERNANDEZ URIBE,

———————————

**From the 40th District Court
Ellis County, Texas
Trial Court No. 31701CR/A**

## MEMORANDUM  OPINION

On September 7, 2007, Armando Hernandez Uribe pleaded guilty to the offense of evading arrest with a vehicle.  TEX. PENAL CODE ANN. § 38.04 (West Supp. 2012).  The trial court convicted Uribe and assessed his punishment at 730 days in a state jail facility and a $1500 fine.  The trial court suspended imposition of the sentence and placed Uribe on community supervision for 5 years.  On September 27, 2012, Uribe filed an Application for Writ of Habeas Corpus under TEX. CODE CRIM. PRO. ANN. art. 11.072 (West 2005).  The trial court denied Uribe's Application for Writ of Habeas Corpus.  We affirm.

In his first issue, Uribe argues that the trial court erred in denying his Application for Writ of Habeas Corpus because he was not advised by trial counsel of the immigration consequences of his plea as required by *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 1483, 176 L.Ed.2d 284 (2010) and that his plea was involuntary because he received ineffective assistance of counsel.  In the second issue, Uribe argues that the trial court abused its discretion in finding that he was properly admonished regarding the immigration consequences of his plea.

We review the trial court's denial of habeas relief under an abuse of discretion standard and will consider the facts in the light most favorable to the court's ruling.  *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex.Crim.App.2006); *Doyle v. State*, 317 S.W.3d 471, 475 (Tex.App. – Houston [1ˢᵗ Dist.] 2010, pet. ref'd).  We afford almost complete deference to the trial court's determination of historical facts supported by the record, especially when those factual findings rely upon an evaluation of credibility and demeanor.  *Doyle v. State,* 317 S.W.3d at 475.  We apply the same deference to review the trial court's application of law to fact questions, if the resolution of those determinations rests upon an evaluation of credibility and demeanor.  *Id*.  However, if the outcome of those ultimate questions turns upon an application of legal standards, we review the trial court's determination de novo.  *Id*.

In Padilla, the Court held that defense attorneys must advise non-citizen clients about the deportation risks of a guilty plea.  *See Padilla v. Kentucky*, 130 S.Ct. 1473, 1483-1484; *Ex Parte De Los Reyes*, 392 S.W.3d 675, 677 (Tex. Crim. App. 2013).  In *Chaidez v. United States*, ⸺ U.S. ⸺, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013), the Court explicitly

held that *Padilla* does not apply retroactively to cases already final on direct review. The Texas Court of Criminal Appeals declined to give retroactive effect to *Padilla* under state habeas law. *Ex Parte De Los Reyes*, 392 S.W.3d at 679.

In the findings of fact and conclusions of law, the trial court found that the holding in *Padilla* does not apply to Uribe's case because the case was final prior to the issuance of the *Padilla* opinion. Uribe argues that his conviction was not final because he was still on community supervision at the time the Court decided *Padilla*. Generally the judgment placing a defendant on community supervision is "final" for the purpose of appeal from the plea when community supervision is imposed. *Ex parte Arjona*, No. 09-12-00554-CR, 2013 WL 2151502 *2 (Tex.App. – Beaumont May 15, 2013, no pet.); *Nix v. State,* 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001). In *Arjona*, the defendant was on community supervision at the time *Padilla* was issued. The court in *Aronja* found that the conviction was final before *Padilla* was handed down because "Arjona's direct appeal options were no longer available." *Ex parte Arjona* at *2. Uribe did not file a direct appeal, and his conviction became final before *Padilla* was handed down. The trial court did not abuse its discretion in finding that *Padilla* was not applicable.

The trial court found that Uribe was properly admonished by the court in accordance with TEX. CODE CRIM. PRO. ANN. art. 26.13 (West Supp. 2012). The trial court further found that Uribe entered his plea knowingly and voluntarily. The record shows that Uribe's trial attorney requested a continuance and noted that "a plea is anticipated and the defense needs to investigate defendant's immigration status." Uribe was admonished in writing, "If you are not a citizen of the United States of America, this

plea may result in your being deported, in your being excluded from admission to this country, or your being denied naturalization." Uribe signed a statement that he agreed to receive the admonishments in writing and that he understood the admonishments and consequences of his plea. Uribe further signed a waiver stating that he was aware of his statutory and constitutional rights and that he "voluntarily, knowingly, and intelligently" waived those rights. The admonishments complied with the requirements of TEX. CODE CRIM. PRO. ANN. art. 26.13 (West Supp. 2012). Uribe has not shown that his plea was involuntarily or that he received ineffective assistance of counsel. We overrule the first and second issues.

We affirm the trial court's judgment.


                                        AL SCOGGINS
                                        Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed September 5, 2013
Do not publish
[CR25]