### Ex Parte Jorge W. CRUZATA, Applicant.

### No. AP–75513.

Court of Criminal Appeals of Texas.

April 18, 2007.

---

Manuel J. Barraza, El Paso, for Appellant.

John L. Davis, Assistant District Atty., El Paso, Matthew Paul, State's atty., Austin, for State.

HOLCOMB, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, WOMACK, JOHNSON, HERVEY, and COCHRAN, JJ., joined.

This is a post-conviction habeas corpus proceeding, brought under Article 11.07 of the Texas Code of Criminal Procedure, in which applicant Jorge W. Cruzata seeks relief in Cause Number 20020D04349–243–1 in the 243rd Judicial District Court of El Paso County. We will deny the relief requested.

The relevant facts, as reflected in the habeas record, are as follows: On September 3, 2002, an El Paso County grand jury returned an indictment charging applicant with indecency with a child. *See* Tex. Pen.Code § 21.11(a)(1). On July 22, 2003, applicant pled guilty to the offense charged, pursuant to a plea bargain, and the trial court placed him on deferred-adjudication community supervision for ten years. *See* Tex.Code Crim. Proc. art. 42.12, § 5(a).

On June 29, 2004, the State filed a motion to proceed with an adjudication of applicant's guilt, alleging that he had violated the conditions of his community supervision. On September 24, 2004, the trial court held a hearing on the State's motion. At that hearing, applicant entered an open plea of "true" to the State's

allegations. The trial court accepted applicant's plea, found that he had violated the conditions of his community supervision, adjudicated his guilt of the primary offense, and assessed his punishment at imprisonment for seven years. A few minutes later, the trial court, after being reminded by the State that applicant had "a very extensive history ... of extraneous offenses," announced that it was "going to withdraw" its assessment of punishment and "reset [the hearing] for sentencing at a later date." Applicant objected to the trial court's withdrawal of its assessment of punishment, but the trial court overruled his objection.

On October 8, 2004, the trial court held another hearing in this case and, after hearing argument, reassessed applicant's punishment at imprisonment for fifteen years. Applicant asked the trial court for permission to appeal from the reassessment of punishment, apparently in the belief that Rule 25.2(a)(2)(B) of the Texas Rules of Appellate Procedure required such permission. The trial court responded by stating that no such permission was required.[1] Applicant filed no appeal.

On September 14, 2005, applicant filed an application for writ of habeas corpus in the trial court, arguing *inter alia* that his fifteen-year sentence was "improper." On March 10, 2006, at a habeas hearing, applicant argued to the trial court that "it's always been the rule, [in both] civil and criminal [law], that once you pronounce [the sentence], that's it, that's the sentence." The State argued in response that, under our decision in *State v. Aguilera*, 165 S.W.3d 695 (Tex.Crim.App.2005), the trial court's withdrawal of its initial assessment of punishment, and its subse-quent reassessment of punishment, were both proper.

On May 25, 2006, the trial court recommended that we deny habeas relief. In its findings of fact and conclusions of law, the trial court concluded that, "[b]ecause applicant could have appealed the sentencing portion of his judgment, and he did not, he cannot raise a complaint regarding sentencing for the first time in [an application for] writ of habeas corpus." On September 27, 2006, we ordered applicant's application filed and set for submission in order to consider his claim that his fifteen-year sentence is "improper."

■■■ At the outset, we are confronted with the question of whether applicant's claim is cognizable in habeas corpus. Habeas corpus is an extraordinary remedy and is available only when there is no other adequate remedy at law. *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex.Crim. App.2004). Consequently, habeas corpus may not be used to assert claims that could have been asserted on direct appeal. *Ibid.*

Nothing prevented applicant from appealing from his fifteen-year sentence and asserting that it was improper. *See* footnote one, *supra.* Therefore, he may not now assert that claim via habeas corpus. *Ex parte Townsend*, 137 S.W.3d at 81–82.

■■■ Even if we were to find the applicant's claim cognizable, he would not prevail on it. In *Powell v. State*, 124 Tex. Crim. 513, 63 S.W.2d 712, 713 (1933), we stated that a trial court may revise, correct, or vacate a sentence before the defendant begins to serve that sentence. In *State v. Aguilera*, 165 S.W.3d 695, 698, on which the State relies, we held that a trial

---

1. The trial court was correct. *See Vidaurri v. State*, 49 S.W.3d 880 (Tex.Crim.App.2001). *See also Hargesheimer v. State*, 182 S.W.3d 906 (Tex.Crim.App.2006) (discussing *Vidaurri* and similar cases); G. Dix & R. Dawson, 43A *Texas Practice: Criminal Practice and Procedure* § 40.82 (2nd ed.2001).

court may modify a sentence if the modification is made on the same day as the assessment of that sentence and before court adjourns for the day. Implicit in that holding was that a defendant begins to serve his sentence at the adjournment of court on the day that the sentence is assessed. Reading *Powell* and *Aguilera* together, it is clear that the trial court's actions in this case were proper.

We deny the requested relief.

KEASLER, J., concurred in the result.

MEYERS, J., filed a dissenting opinion.

MEYERS, J., dissenting.

I reiterate my dissenting opinion in *Ex Parte Townsend*, 137 S.W.3d 79 (Tex.Crim. App.2004). I'm not sure why we still have the writ of habeas corpus since we keep whittling away its uses.

In *Ex Parte Drake*, we stated that habeas corpus should generally not be used to re-litigate matters which were addressed on appeal, 883 S.W.2d 213, 215 (Tex.Crim. App.1994), *citing Ex Parte Schuessler*, 846 S.W.2d 850 (Tex.Crim.App.1993). More recently we have said that habeas corpus may not be used to assert claims that could have been asserted on direct appeal. *Townsend*, 137 S.W.3d at 81. This implies that anything that could have been raised on direct appeal—whether it was actually raised or not—is now forbidden from habeas corpus relief. However, we routinely say that an application for writ of habeas corpus is a better vehicle for us to review ineffective assistance of counsel claims even though such claims could be raised on direct appeal. So what is the writ of habeas corpus for these days?

It is not just for newly discovered evidence and ineffective assistance claims. In *Ex Parte Goodman*, 816 S.W.2d 383, 385 (Tex.Crim.App.1991), we stated that, although habeas corpus is traditionally un-

available to review matters which were raised and rejected on appeal, claims involving jurisdictional defects or invoking fundamental constitutional rights may be raised. *See also Ex Parte Shields*, 550 S.W.2d 670 (Tex.Crim.App.1976) (granting relief due to lack of jurisdiction); *Ex Parte Clark*, 597 S.W.2d 760 (Tex.Crim.App. 1979) (granting relief due to the trial court's failure to apply the law to the facts of the case); *See Ex Parte Bravo*, 702 S.W.2d 189 (Tex.Crim.App.1982) (granting relief due to the improper excusal of a veniremember); *Ex Parte Russell*, 738 S.W.2d 644 (Tex.Crim.App.1986) (granting relief due to improper admission of void prior conviction); *Ex Parte Schuessler*, 846 S.W.2d at 852–53 (granting relief due to lack of jurisdiction).

I disagree with the majority's statement that habeas corpus may not be used to assert claims that could have been raised on direct appeal. While the writ is an extraordinary remedy, it is simply not true that habeas relief is limited to claims involving issues that could not have been raised on direct appeal. We should not use the fact that an issue was not raised on direct appeal as a procedural bar. Therefore, I respectfully dissent.