Opinion
issued June 3, 2010

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00275-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



KEVIN PATRICK DOYLE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the County Criminal Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 1382087-A

 

 



CONCURRING OPINION

 

The majority erroneously concludes
that this Court did not err in previously holding that the trial court did not
abuse its discretion in denying the motion to suppress evidence of appellant,
Kevin Patrick Doyle, in the underlying case in which appellant was convicted of
the offense of driving while intoxicated. 
See Doyle v. State, 265 S.W.3d
28, 32 (Tex. App.—Houston [1st Dist.] 2008 pet. ref’d).  However, because no authority supports
appellant’s contention that he was denied due process by this Court’s error, I
concur in the judgment.   

At the hearing on appellant’s motion
to suppress evidence, the State specifically argued that the police officer who
arrested appellant had reasonable suspicion to initially detain him because the
officer saw him violate section 545.060 of the Texas Transportation Code, which
requires one to drive one’s car “as nearly as practical entirely within a
single lane” when the roadway is “divided into two or more clearly marked lanes
for traffic.”  Id., Tex. Transp. Code Ann.
§ 545.060 (Vernon 1999).  The officer specifically
testified that he “stopped appellant because he weaved into the opposing lane
of traffic.” Doyle, 265 S.W.3d at 32.  And, the trial court specifically concluded
that the officer had “reasonable suspicion that appellant committed a traffic
violation, namely a violation of Transportation Code section 545.060.”  Id.

The problem, as pointed out by this
Court, with the trial court’s conclusion is that appellant could not possibly
have violated section 545.060 because the officer had also testified that the
street in question “did not have clearly marked lanes.”  Id.;
 see
Keehn v. State, 279 S.W.3d 330, 334
(Tex. Crim. App. App. 2009) (when reviewing trial court’s decision on motion to
suppress, appellate court “afford[s] almost total deference” to trial court’s
findings of facts” when “based on an evaluation of credibility and demeanor,”
if the evidence supports those findings). 

When “on appeal the State argued that
section 545.051 of the Transportation Code justified the stop,” our task became
to determine if the evidence, viewed in the light most favorable to the trial
court’s ruling and irrespective of the officer’s subjective intent, supported
an implied finding of an objective basis for reasonable suspicion for the
officer to have stopped appellant.  Doyle, 265 S.W.3d at 32; see Tex.
Transp. Code Ann. § 545.051(a) (Vernon 1999); State v. Kelly, 204 S.W.3d 808, 819 (Tex. Crim. App. 2006) (“appellate
court implies the necessary fact findings that would support the trial court’s
ruling if the evidence (viewed in the light most favorable to the trial court’s
ruling) supports these implied fact findings”). 
Reasonable suspicion is supported by the record only when the record
contains testimony including “specific, articulable facts” that would have led the
officer to reasonably conclude that a person had engaged or was about to engage
in criminal activity.  Castro v. State, 227 S.W.3d 737, 741 (Tex.
Crim. App. 2007).  

This Court agreed with the State and concluded
that the officer “had reasonable suspicion that appellant had violated section
545.051.”  Doyle, 265 S.W.3d at 32.  However,
section 545.051 requires a driver “on a roadway of sufficient width [to] drive on the right half of the roadway,”
unless the driver is passing or avoiding an obstruction, but still yields the
right of way to an oncoming car in the unobstructed portion of the roadway.  Tex.
Transp. Code Ann. § 545.051(a) (emphasis added).  At the hearing on appellant’s motion, the
officer offered no “specific, articulable facts” that the roadway in question
was of “sufficient width” to provide reasonable suspicion that appellant was
not driving on the “right half of the roadway” or, in trying to avoid a “parked
car,” appellant failed to yield the unobstructed portion of the roadway to the
officer’s oncoming car. Accordingly, this Court erred in holding that the trial
court did not abuse its discretion in denying appellant’s motion.  Doyle,
265 S.W.3d at 32

Nevertheless, no existing authority supports
appellant’s contention that “the trial court erred in holding that [this Court]
did not violate appellant’s federal constitutional right to due process of law
in affirming the trial court’s incorrect ruling on his motion to suppress
evidence, based on a legal theory asserted by the State for the first time on
appeal and not supported by the record.” 


Appellant asserts that this Court’s
erroneous holding denied him the opportunity in the trial court to contest whether
specific articulable facts would have supported an implied finding of an
objective basis for reasonable suspicion for the officer to have stopped him.  Also, as noted by appellant, had the issue
been properly presented below, because his testimony contradicted that of the
police officer, he would have been entitled to have the jury instructed on and
decide the issue.  See Tex. Code Crim. Pro.
Ann. art. 38.23 (Vernon 2005). 
These points have merit and are well taken.  

However, the authorities cited by
appellant do not support his assertion that he is entitled to habeas corpus
relief.  Rather, the cases cited by him
involve equitable estoppel and the erroneous affirmance by appellate courts of
jury verdicts of guilty on legal or factual bases not pleaded at trial.  See
Dunn v. United States, 442 U.S. 100, 106, 99 S. Ct. 2190, 2194 (1979) (“To
uphold a conviction on a charge that was neither alleged in an indictment nor
presented to a jury at trial offends the most basic notions of due process.”); Cole v. Arkansas, 333 U.S. 196, 201, 68
S. Ct. 514, 517 (1948) (“It is as much a violation of due process to send an
accused to prison following conviction of a charge on which he was never tried
as it would be to convict him upon a charge that was never made.”); Schmidt v. State, 278 S.W.3d 353, 358
(Tex. Crim. App. 2009) (citing to New
Hampshire v. Maine, 532 U.S. 742, 749–51, 121 S. Ct. 1808 (2001) (“equitable
rule of judicial estoppel generally prevents a party from prevailing in one
phase of a case on an argument and then relying on a contradictory argument to
prevail in another phase”); Wooley v.
State, 273 S.W.3d 260, 268–72 (Tex. Crim. App. 2008) (appellant’s due
process rights violated when court of appeals affirmed conviction under theory
not submitted to jury); Malik v. State,
953 S.W.2d 234, 238 n.3 (Tex. Crim. App. 1997) (“due process prevents an
appellate court from affirming a conviction based upon legal and factual
grounds that were not submitted to the jury, . . . [but] . . . due process is
[not] necessarily violated by affirming a conviction in which the jury charge
contains extra, unnecessary elements that are not supported by the evidence”) (internal
citations omitted). 

Moreover, habeas corpus is an
extraordinary remedy that is available only when there is no other adequate
remedy at law.  Ex parte Cruzata, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007).  Consequently, habeas corpus may not be used to
assert claims that could have been asserted on direct appeal.  Id.  Appellant could and did seek correction of
this Court’s error in the Texas Court of Criminal Appeals, which, in its
discretion, declined to review the matter.  Thus, appellant had an adequate remedy at law.
 See
id.  

Accordingly, I concur in the judgment
of this Court.

 

 

                                                          Terry
Jennings

                                                          Justice

 

Panel consists of Justices Jennings, Hanks,
and Bland.

Justice Jennings, concurring.

Publish.  See
Tex. R. App. P. 47.2(b).