**Reversed and Remanded and Opinion Filed June 18, 2013**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-13-00247-CR**
_____

**THE STATE OF TEXAS, Appellant**
**V.**
**ROSS MARTIN BURNETT, Appellee**

**On Appeal from the County Criminal Court of Appeals No. 1**
**Dallas County, Texas**
**Trial Court Cause No. MC12-B7509**

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice Francis

The State of Texas appeals the trial court's order granting appellee Ross Martin Burnett post-conviction habeas corpus relief under article 11.072 of the Texas Code of Criminal Procedure and ordering the Carrollton Municipal Court to vacate the judgment of conviction for consumption of alcohol by a minor. In five issues, the State contends the trial court abused its discretion by granting habeas corpus relief to appellee because: (1) the Carrollton Municipal Court retained discretion to determine whether appellee had satisfied the required conditions of his deferred disposition and the County Criminal Court of Appeals No. 1 should have deferred to the Municipal Court's determination of that matter; (2) habeas corpus relief is an extraordinary remedy that could not properly be used by appellee to substitute for or circumvent the procedures of appeal or other adequate legal remedies; (3) appellee did not present a record in the habeas corpus proceeding to show his entitlement to relief; and (4) appellee did not show he was subject

to collateral consequences related to his conviction but sought relief from the judgment alone. We reverse the trial court's order and remand for further proceedings.

Appellee was charged in Carrollton Municipal Court with consumption of alcohol by a minor. He entered an agreed no contest plea to the charge and was granted a deferred disposition on June 21, 2011. As conditions of the deferral, appellee was ordered to complete a Youthful Drinking and Driving Prevention program to satisfy the statutory requirement that he complete a minimum of eight alcohol education-related community service hours and a statutorily-required Alcohol Awareness course. Upon appellee's request, the Municipal Court allowed appellee to substitute proof that he completed eight hours of alcohol-related community service in lieu of the Youthful Drinking and Driving Prevention program. The alcohol-related community service and Alcohol Awareness course were to be completed within ninety days of the deferral order. Appellee submitted documents showing his participation in community service programs, but the Municipal Court determined those programs did not satisfy the requirement that they be alcohol-related. After denying appellee's motion for continuance, on May 1, 2012, the trial court entered a judgment of conviction. No appeal was taken from the May 1, 2012 judgment, but on October 1, 2012, appellee filed a petition for writ of habeas corpus in the Dallas County Criminal Court of Appeals No. 1 seeking to have the May 1, 2012 judgment set aside. The County Criminal Court of Appeals No. 1 granted habeas corpus relief and ordered the Carrollton Municipal Court of Record to accept appellee's community service hours and vacate the conviction for consumption of alcohol by a minor. The State appealed.

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We uphold the ruling absent an abuse of discretion. *Id.*

–2–

We afford almost total deference to the trial court's determination of the historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *Id.* We afford the same amount of deference to the trial court's application of the law to the facts if the resolution of the ultimate questions turns on an evaluation of credibility and demeanor. *Id.* If the resolution of the ultimate questions turns on an application of legal standards, we review the determination de novo. *Id.*

In its third issue, the State asserts that appellee attempted to use the habeas corpus procedure to circumvent the procedures of appeal or other adequate legal remedies. Appellee responds that he was not able to appeal because he did not receive timely notice of the judgment of conviction.

The purpose to be served by a post-conviction writ of habeas corpus is limited, and "lies only to review jurisdictional defects or denials of fundamental or constitutional rights." *Ex parte Tovar*, 901 S.W.2d 484, 485 (Tex. Crim. App. 1995) (quoting *Ex parte Watson*, 601 S.W.2d 350, 352 (Tex. Crim. App. 1980)). "The purpose of a writ of habeas corpus is to obtain a speedy and effective adjudication of a person's right to liberation from illegal restraint." *Ex parte Kerr*, 64 S.W.3d 414, 419 (Tex. Crim. App. 2002). "Habeas corpus is an extraordinary remedy and is available only when there is no other adequate remedy at law." *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007). It may not be used to assert claims that could have been asserted on direct appeal. *Id.*

The majority of appellee's claims for entitlement to habeas corpus relief attack the Municipal Court proceedings and the denial of the motion for continuance which ultimately resulted in the judgment of conviction. These are issues that should have been raised by appeal. Although appellee asserts he was prevented from appealing because he did not receive timely

notice of the judgment of conviction, we note that appellee's habeas corpus petition requested, as an alternate prayer for relief, that he be granted an out-of-time appeal.

The granting of an out-of-time appeal would have returned appellee to a position where he could challenge the Municipal Court proceedings and the judgment of conviction. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Therefore, an out-of-time appeal, if appropriate, would be sufficient to protect appellee's ability to challenge the judgment of conviction. *See id.* By ordering the Municipal Court to vacate its judgment of conviction, the County Criminal Court of Appeals No. 1 granted appellee more relief than was necessary to preserve his rights. Therefore, we conclude the County Criminal Court of Appeals No. 1 abused its discretion by ordering the Municipal Court to vacate the judgment of conviction. We sustain the State's third issue.

We reverse the County Criminal Court of Appeals No. 1's order granting habeas corpus relief. We remand the case to the County Criminal Court of Appeals No. 1 for a determination of whether appellee is entitled to an out-of-time appeal from the May 1, 2012 judgment of conviction. In making this determination, the County Criminal Court of Appeals No. 1 may take additional evidence on the issue, including evidence by affidavit.

If the County Criminal Court of Appeals No. 1 determines that appellee is entitled to an out-of-time appeal, the order granting the relief shall include language that specifically notifies appellee of the deadline for filing the documents required to perfect the appeal. *See, e.g.*, TEX. GOV'T CODE ANN. § 30.00014 (West Supp. 2012); *Ex parte Thornton*, No. AP-76967, 2013 WL 458180, at *1 (Tex. Crim. App. Feb. 16, 2013) (per curiam) (not designated for publication) (example of setting deadline for perfecting appeal following grant of out-of-time appeal).

–4–

Because of our disposition of the State's third issue, we do not address the State's remaining issues.

                         /Molly Francis/

                         MOLLY FRANCIS
                         JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130247F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-13-00247-CR     V.

ROSS MARTIN BURNETT, Appellee

On Appeal from the County Criminal Court of Appeals No. 1, Dallas County, Texas
Trial Court Cause No. MC12-B7509.
Opinion delivered by Justice Francis, Justices O'Neill and Fillmore participating.

Based on the Court's opinion of this date, we **REVERSE** the trial court's order granting habeas corpus relief and **REMAND** the cause for further proceedings consistent with the opinion.

Judgment entered June 18, 2013

/Molly Francis/

MOLLY FRANCIS
JUSTICE

–6–