# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00594-CR
## NO. 03-13-00595-CR

**Joseph Edward McKenzie, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT
NOS. 2008R-073 & 2008R-074
THE HONORABLE JEFF R. STEINHAUSER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In both of these cases, the trial court accepted appellant Joseph Edward McKenzie's guilty plea to the second degree felony offense of manufacture or delivery of a controlled substance, deferred adjudication of guilt, and placed appellant on community supervision for ten years. *See* Tex. Health & Safety Code § 481.112(c). The State subsequently filed motions to adjudicate appellant guilty in both cases, and, after a combined hearing on the State's motions, the trial court adjudicated appellant guilty of the offenses and assessed appellant's punishment in both cases at confinement for twenty years to run concurrently.

Appellant raises the same point of error in both cases. He asks this Court to modify the judgments to reflect sentences of ten years' confinement based on the double jeopardy clauses of the United States and Texas Constitutions because the trial court orally sentenced him to

ten years' confinement before re-sentencing him to a greater term of twenty years' confinement. *See* U.S. Const. amend. V; Tex. Const. art. I, § 14. Because we conclude that the trial court did not subject appellant to double jeopardy when it reassessed appellant's punishments during the adjudication hearings, we affirm the judgments.[1]

## BACKGROUND

The trial court heard the State's motions to adjudicate in both cases at the same time. Appellant, his counsel, and counsel for the State were present for the hearing. After hearing the evidence and the parties' arguments, the trial judge stated that he saw "nothing mitigating in this file" and that he would sentence appellant to more time if he could and orally pronounced punishment in both cases at ten years' confinement to run concurrent. The trial judge then recessed the hearing for the preparation of the judgments and advised the parties that he would "wait around to sign [them]." The recess lasted approximately thirty minutes. Immediately after the hearing was resumed, the trial judge pronounced punishment in both cases at twenty years' confinement, explaining his reasons for doing so as follows:

> It has come to my attention that I may have created some confusion by my statements and pronouncement of sentence earlier. Obviously, when I made the statements about if I could sentence the defendant to more, I would. I made that statement. I stand by that statement. I believe I said ten years rather than 20 years for the sentence. I believe in my mind, I was somehow recalling the ten-year probated sentence, and so my pronouncement of sentence is 20 years for each case rather than the ten years that perhaps I had stated earlier. But I think everyone could tell from my comments to the defendant, I was completely unhappy with the

---

[1] Because the parties are familiar with the facts of these cases and their procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

2

information shown in his history. So it was my intent all along to sentence the defendant to 20 years for each case to run concurrent. I apologize for the confusion that I may have created by that. As the attorneys were aware, I told them this morning, I was slightly under the weather today. And so I think that may have also contributed to why I said ten years rather than 20 years. Sorry. But that's the judgment and sentence of the Court. Any questions?

In response to the judge's question, the parties responded "No, Your Honor," and the hearing was concluded. The trial court signed written judgments in both cases on the same day as the hearing. The written judgments reflect sentences of confinement for twenty years to run concurrently. These appeals followed.

## DISCUSSION

Appellant raises the same point of error in both cases. He contends that his right against double jeopardy was violated "where [appellant] after being adjudicated guilty and orally sentenced to 10 years in prison was subsequently returned to the courtroom and re-sentenced to a greater term of 20 years." *See* U.S. Const. amend. V; Tex. Const. art. I, § 14. Double jeopardy protections, among others, forbid an increase in a defendant's sentence once that sentence has been served or executed. *See Grant v. State*, 247 S.W.3d 360, 370 (Tex. App.—Austin 2008, pet. ref'd) (citing *Ex parte Lange*, 85 U.S. 163, 174 (1874); *Turner v. State*, 31 S.W.2d 809, 810 (Tex. Crim. App. 1930)); *see also Williams v. State*, 170 S.W.2d 482, 486 (Tex. Crim. App. 1943) (recognizing "when the accused has accepted the judgment and has performed a part thereof, or has suffered some punishment as a result thereof, . . . the court is powerless to change the judgment in any substantial respect"). According to appellant, the trial court was barred from imposing the greater

3

sentences of twenty years' confinement after the trial court orally pronounced his sentences at ten years' confinement and appellant "was removed from the courtroom to begin his sentence[s]."

Our resolution of this appeal is controlled by *State v. Aguilera*, 165 S.W.3d 695 (Tex. Crim. App. 2005). In that case, the trial court initially sentenced the defendant to twenty-five years' confinement but modified the sentence to confinement for fifteen years "before it had adjourned for the day." *Id*. at 696, 698. The Court of Criminal Appeals upheld the modified sentence, concluding that "a trial court [ ] retains plenary power to modify its sentence if, as in this case, the modification is made on the same day as the assessment of the initial sentence and before the court adjourns for the day," assuming that the modification is done in the "presence of the defendant, his attorney, and counsel for the state." *Id.* at 698. "In such circumstances, a trial court has the authority to re-sentence a defendant after assessing an initial sentence if the modified sentence is authorized by statute." *See id.* (noting that "[s]uch modifications comport with the provisions of Article 42.09, § 1, that a defendant's sentence begins to run on the day that it is pronounced, and the provisions of Tex. Code Crim. Proc. Art. 42.03, § 1(a), that a felony sentence shall be pronounced in the defendant's presence").

Based on our review of the record, we conclude that the trial court complied with the *Aguilera* criteria as set forth above when it modified appellant's punishment in both cases to confinement for twenty years. Twenty years' confinement for the second degree felony offense of manufacture or delivery of a controlled substance is authorized by statute, *see* Tex. Health & Safety Code § 481.112(c); Tex. Penal Code § 12.33 (setting punishment range for second degree felony); appellant, his counsel, and the State's counsel were present when the trial court pronounced the

4

modified sentences; and the trial court modified appellant's sentences before adjourning for the day on the same day that it assessed the initial sentences. *See Aguilera*, 165 S.W.3d at 698; *see also Richter v. State*, No. 04-11-00438-CR, 2012 Tex. App. LEXIS 1992, at *4–5 (Tex. App.—San Antonio Mar. 14, 2012, pet. ref'd) (mem. op., not designated for publication) (applying *Aguilera* requirements and concluding that prohibition against double jeopardy was not violated when trial court modified sentence upward).

Relying on language in the first sentence of article 42.09, section 1 of the Code of Criminal Procedure, appellant urges that the decision in *Aguilera* is "flawed" and that his sentences began to run when the trial court orally pronounced the sentences of ten years' confinement and he "was removed from the courtroom to begin his sentence[s]." *See* Tex. Code Crim. Proc. art. 42.09, § 1 (stating that "a defendant shall be delivered to a jail or to the Texas Department of Criminal Justice when his sentence is pronounced . . . by the court"). Appellant also distinguishes the facts of *Aguilera* because the trial court's subsequent sentence in that case was a reduction in the defendant's punishment unlike the situation here, "where the second sentence was markedly higher."

The record, however, does not support appellant's argument that he had already begun to serve his sentences when the trial court pronounced the subsequent sentences. The record shows that the trial court recessed the hearing for the preparation of the judgments around 2:30 p.m. and advised the parties that he would "wait around to sign [them]." The recess lasted approximately thirty minutes, and the trial court immediately pronounced the modified sentences after resuming the hearing. *See Ex parte Cruzata*, 220 S.W.3d 518, 521 (Tex. Crim. App. 2007) (noting that

5

"implicit in the holding [of *Aguilera*] was that a defendant begins to serve his sentence at the adjournment of court on the day that the sentence is assessed"). The Court of Criminal Appeals also has declined to limit the trial court's authority to modify a sentence to a reduced punishment when the *Aguilera* criteria are met. *See id.* (concluding that reassessed punishment increasing sentence was proper); *see also Grant*, 247 S.W.3d at 372–73 (discussing *Ex parte Cruzata*); *Fuentes v. State*, No. 11-06-00331-CR, 2008 Tex. App. LEXIS 5107, at *7–8 (Tex. App.—Eastland July 10, 2008, pet. ref'd) (mem. op., not designated for publication) (noting that "*Aguilera* decision permits a trial court to alter or modify the sentence up or down if the defendant has not yet begun to serve the original sentence").

Because we conclude that the trial court met the *Aguilera* criteria when it modified appellant's sentences, we overrule appellant's point of error in both cases. *See* 165 S.W.3d at 698.

## CONCLUSION

Having overruled appellant's point of error in both cases, we affirm the judgments adjudicating guilt.

_____
Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed:   August 5, 2015

Do Not Publish