PD-1597-15

NO. _____ PD

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

_____

**EX PARTE**

**JAMES AGBEZE**
*Petitioner,*

_____

Petition in Cause No. 1288928 from the
180TH District Court of Harris County, Texas and
the Court of Appeals for the
14TH District of Texas

_____

**PETITION FOR DISCRETIONARY REVIEW**

_____

TOM ABBATE
440 LOUISIANA ST, STE 200
HOUSTON, TX 77002
T: 713.223.0404
F: 800.501.3088
tom@tomabbatelaw.com
SBOT # 24072501

ATTORNEY FOR PETITIONER

RECEIVED IN
COURT OF CRIMINAL APPEALS

December 10, 2015

ABEL ACOSTA, CLERK

# IDENTITIES OF PARTIES AND COUNSEL

PETITIONER:                              JAMES AGBEZE

PRESIDING JUDGE:                         HON. CATHERINE EVANS
                                         180th District Court
                                         Harris County Criminal Justice Center
                                         1201 Franklin, 18th Floor
                                         Houston, Texas 77301
                                         (713) 755-6344

HABEAS COUNSEL FOR STATE:                MR. STAN CLARK
                                         Assistant District Attorney
                                         Harris Co. District Attorney's Office
                                         1201 Franklin, Ste 400
                                         Houston, Texas 77002
                                         (713) 755-5800

HABEAS COUNSEL:                          MR. TOM ABBATE
                                         440 Louisiana, Ste 200
                                         Houston, Texas 77002
                                         (713)-223-0404

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL ........................................................................ 2

INDEX OF AUTHORITIES......................................................................................................... 4

STATEMENT REGARDING ORAL ARGUMENT.............................................................. 6

STATEMENT OF THE CASE...................................................................................................... 6

STATEMENT OF PROCEDURAL HISTORY......................................................................... 8

QUESTION PRESENTED FOR REVIEW ............................................................................... 9

REASON FOR REVIEW ............................................................................................................... 9

*The Law Regarding Appellate Review of 11.072 Habeas Generally*............................... 9

*Analysis* ........................................................................................................................................... 10

PRAYER FOR RELIEF .................................................................................................................. 12

CERTIFICATE OF SERVICE ...................................................................................................... 13

CERTIFICATE OF COMPLIANCE............................................................................................ 13

APPENDIX........................................................................................................................................ 14

# INDEX OF AUTHORITIES

Cases

*Ex parte Cruzata*, 220 S.W.3d 518 (Tex. Crim. App. 2007) ........................................................ 9

*Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007).......................................................... 10

*Ex parte Peterson*, 117 S.W.3d 804 (Tex. Crim. App. 2003)...................................................... 10

*Ex parte Scott*, 190 S.W.3d 672 (Tex. Crim. App. 2006)............................................................ 9

*Kniatt v. State*, 206 S.W.3d 657 (Tex. Crim. App. 2006).............................................................. 9

Statutes

Tex. Code Crim. Proc. art. 11.072 ................................................................................................ 9

NO. _____ PD

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

_____

**EX PARTE**

**JAMES AGBEZE**
*Petitioner,*

_____

Petition in Cause No. 1288928 from the
180TH District Court of Harris County, Texas and
the Court of Appeals for the
14TH District of Texas

_____

**PETITION OF DISCRETIONARY REIVEW
TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL
APPEALS OF TEXAS**

James Agbeze, petitions the Court to review the judgment affirming
The denial of his Application for Writ of Habeas Corpus
Pursuant to Article 11.072 of the Texas Code of Criminal Procedure

5

**STATEMENT REGARDING ORAL ARGUMENT**

Oral argument would assist to resolve whether the evidence was legally sufficient to support the conviction obtained against the Petitioner in this case.

**STATEMENT OF THE CASE**

During the investigation of the conviction at issue, Appellant was approached by one of the investigators in this case, who solicited him for a bribe. Appellant was informed that if the requested funds were provided, a report would be generated allowing him to avoid prosecution for the crime at issue in this case. Appellant refused to provide the bribe, and was then informed by the investigator that he would face prison time for failing to do so.

Subsequently, Appellant was indicted for submitting a series of fraudulent Medicaid reimbursement claims. The jury convicted Appellant of theft of property by a government contractor with an aggregated value of $1,500 or more, but less than $20,000, assessed punishment at seven years community supervision, and imposed a $10,000 fine. The trial court ordered Appellant to spend 90 days in jail as a condition of community supervision and to pay $18,169.45 in restitution.

On the appeal of the trial, Appellant argued that (1) there was insufficient evidence to prove that he intentionally or knowingly committed theft or that individual over-charges were part of a larger criminal scheme to allow the theft amounts to be aggregated and tried as one offense and that (2) the trial court abused

its discretion in ordering him to pay $18, 169.45 in restitution. The Court of Appeals denied Applicant's grounds for relief and affirmed the judgment of the trial court. Applicant then filed a Petition for Discretionary Review with the Texas Court of Criminal Appeals, but was denied. Applicant's subsequent Motion for Rehearing was also denied.

During the pendency of the above appeals, the investigator in question was indicted for bribery. The investigator entered a plea of guilty to the charge and was convicted under the terms of a plea bargain.

Subsequently, Appellant filed the instant Application for Writ of Habeas Corpus pursuant to Article 11.072 alleging that he was actually innocent of the crime and that the state had committed a *Brady* violation by failing to disclose the corruption of its investigator to trial counsel. After the submission of affidavits, the habeas court entered findings of fact and conclusions of law dismissing Appellant's allegations and ordering that all requested relief be denied.

## STATEMENT OF PROCEDURAL HISTORY

This is an appeal from the Habeas Court's DENIAL OF RELIEF and FINDINGS OF FACT AND CONCLUSIONS OF LAW in Appellant's APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO ARTICLE 11.072. Appellant filed a NOTICE OF APPEAL on MAY 7, 2015.

The court of appeals rendered its decision affirming Petitioner's conviction on November 5, 2015. Petitioner did not file a motion for rehearing, and the decision of the court of appeals became its final ruling on November 20, 2015. This petition was then filed with the clerk of the court of appeals within 31 days after such final ruling.

## QUESTION PRESENTED FOR REVIEW

*Did the Trial Court abused its discretion in denying Appellant's requested relief?*

## REASON FOR REVIEW

## *The Law Regarding Appellate Review of 11.072 Habeas Generally*

"Habeas corpus is an extraordinary remedy and is available only when there is no other adequate remedy at law." *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007). Article 11.072 establishes the procedures for an applicant in Appellant's situation to seek habeas corpus relief "from an order or a judgment of conviction ordering community supervision." Tex. Code Crim. Proc. art. 11.072, § 1. The statute expressly provides that writ relief is not available "if the applicant could obtain the requested relief by means of an appeal under Article 44.02 and Rule 25.2, Texas Rules of Appellate Procedure." Id. § 3(a).

An applicant for habeas corpus relief must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Scott*, 190 S.W.3d 672, 673 (Tex. Crim. App. 2006) (per curiam). In reviewing the trial court's order denying habeas corpus relief, the facts are viewed in a light most favorable to the trial court's ruling. *See Kniatt*, 206 S.W.3d at 664. The reviewing court will uphold the trial court's ruling absent an abuse of discretion. *See id*.

Almost total deference is afforded to the trial court's determination of the historical facts that the record supports. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). Likewise, the reviewing court will defer to the trial court's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *See id.*

## *Analysis*

The habeas court abused its discretion in denying Appellant's requested relief. Appellant provided evidence sufficient to show that he was entitled to a new trial based on theories of actual innocence and a *Brady* violation. Further, habeas counsel reviewed all of the evidence provided by the state, and pointed out to the court that the reports generated during the investigation of Appellant failed to detail, or even mention, Nnadi's involvement.

The habeas court, however, found the affidavit of Jesse Mack to be credible despite the inconsistencies contained therein. Mack initially stated that Nnadi was involved solely as an "observer since there was an investigative auditor assigned and already working on the case." Therefore, he was not listed as a participant in the interview. Further, Mack stated that Nnadi did not have input as either an auditor or investigator at any time.

However, Mack also stated that he and Nnadi met with Appellant at least twice during the pendency of the investigation. Further, Mack stated that Nnadi did participate in preparing for the trial of Appellant. Therefore, Nnadi's involvement was more than solely as an observer.

Finally, the criminal complaint and corresponding affidavit show that at least the Federal Bureau of Investigations was aware of Nnadi's corruption as far back as 2007, although it appears to have decided not to do anything about the matter until 2014.

Therefore, Appellant proved his allegations by a preponderance of the evidence and the habeas court abused its discretion in denying the requested relief.

## PRAYER FOR RELIEF

ACCORDINGLY, this Court should GRANT this PETITION FOR DISCRETIONARY REVIEW and ORDER briefs on the merits to answer the question of whether the evidence against the Petitioner was legally sufficient to support his conviction.

Petitioner further prays for all relief to which he may be entitled.

Respectfully submitted,

_____
TOM ABBATE
440 LOUISIANA ST, STE 200
HOUSTON, TX 77002
T: 713.223.0404
F: 800.501.3088
tom@tomabbatelaw.com
SBOT # 24072501

ATTORNEY FOR PETITIONER

## CERTIFICATE OF SERVICE

This is to certify that on the day of DECEMBER 8, 2015 a true and correct copy of the above and foregoing Petition for Discretionary Review was served on the Harris County District Attorney's Office, 1201 Franklin, Suite 600, Houston, Texas 77002, by FAX (713.755.5809).

_____
TOM ABBATE

## CERTIFICATE OF COMPLIANCE

I hereby certify that there are 1534 words contained in this document.

_____
TOM ABBATE

**APPENDIX**

**Affirmed and Opinion filed November 5, 2015.**



**In The**

**Fourteenth Court of Appeals**

_____

**NO. 14-15-00474-CR**

_____

**EX PARTE JAMES AGBEZE**

_____

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1288928-A**

_____

**O P I N I O N**

Appellant James Agbeze appeals the habeas court's order denying his post-conviction application for writ of habeas corpus on his conviction for theft of property by a government contractor with an aggregated value of $1,500 or more, but less than $20,000. *See* Tex. Code Crim. Proc. art. 11.072. In his appeal, appellant argues the habeas court abused its discretion in denying his requested relief. We affirm.

14

## BACKGROUND

Appellant claims that in 2007 an investigator in his case, Ihenacho Nnadi, solicited a bribe in exchange for preparing a report that would allow appellant to avoid prosecution. Appellant refused to pay, and Nnadi said appellant would face prison time. Appellant was convicted on February 11, 2013, and assessed punishment of seven years community supervision and a $10,000 fine. Thereafter, Nnadi was arrested and pled guilty to federal charges of bribery.

Appellant then filed an application for writ of habeas corpus seeking to vacate his conviction on grounds that he is actually innocent, based on newly discovered evidence and the State's *Brady* violation for failing to disclose Nnadi's corruption.[1] The habeas court denied the application and filed written findings of fact and conclusions of law.

## STANDARD OF REVIEW

We review the denial of habeas corpus relief under an abuse-of-discretion standard and consider the facts in the light most favorable to the habeas court's ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). We afford almost complete deference to the habeas court's determination of historical facts supported by the record, especially when those factual findings rely upon an evaluation of credibility and demeanor. *Ex parte Tarlton*, 105 S.W.3d 295, 297 (Tex.App.—Houston [14th Dist.] 2003, no pet.). We apply the same deference to review the habeas court's application of law to fact questions, if the resolution of

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

those determinations rests upon an evaluation of credibility and demeanor; if the outcome of those ultimate questions turns upon an application of legal standards, we review the habeas court's determination de novo. *Id.*

### APPLICABLE LAW

A claim of actual innocence is cognizable in a post-conviction habeas corpus proceeding. *Ex parte Elizondo*, 947 S.W.2d 202, 205 (Tex. Crim. App. 1996); Tex. Code Crim. Proc. Ann. art 11.072 (procedures in community supervision case). Two types of actual innocence claims may be raised. *Herrera v. Collins*, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993); *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). A *Herrera*-type claim is a substantive claim in which the applicant asserts a "bare claim of innocence based solely on newly discovered evidence." *Ex parte Franklin*, 72 S.W.3d 671, 675 (Tex. Crim. App. 2002). In contrast, a *Schlup*-type claim is a procedural claim in which the applicant's claim of innocence does not alone provide a basis for relief, but is tied to a showing of constitutional error at trial. *Id*; *Ex parte Brown*, 205 S.W.3d 538, 544–45 (Tex. Crim. App. 2006); *see Schlup*, 513 U.S. at 315, 115 S.Ct. 860–61 (concluding Schlup's constitutional claims were otherwise procedurally barred). A *Schlup*-type claim may not be brought in an initial habeas application, as the constitutional claims are not procedurally barred. *Ex Parte Villegas*, 415 S.W.3d 885, 887 (Tex. Crim. App. 2013).

When an applicant asserts actual innocence based on a *Herrera*-type claim, the habeas court must first consider whether the applicant presented newly discovered evidence that affirmatively establishes his innocence. *Franklin*, 72 S.W.3d at 678; *see also Ex parte Calderon*, 309 S.W.3d 64, 65 (Tex. Crim. App. 2010); *Brown*, 205 S.W.3d at 546. If the applicant presents such evidence, the habeas court then determines whether the applicant proved by clear and convincing

3

evidence that no reasonable juror would have convicted him in light of the newly discovered evidence. *Brown*, 205 S.W.3d at 544; *Franklin*, 72 S.W.3d at 678. The habeas court must examine the "newly discovered evidence" and determine whether the "new" evidence, when balanced against the "old" inculpatory evidence, unquestionably establishes the applicant's innocence. *Ex parte Thompson*, 153 S.W.3d 416, 417 (Tex. Crim. App. 2005). The habeas court does not review the fact finder's verdict but instead decides whether the newly discovered evidence would have convinced the fact finder of the applicant's innocence. *Ex parte Elizondo*, 947 S.W.2d at 207, 209; *see Ex parte Thompson*, 153 S.W.3d at 427–28 (Cochran, J., concurring).

Under *Brady*, the State is required to provide a defendant with exculpatory material or other evidence favorable to his defense. *Thomas v. State*, 841 S.W.3d 399, 407 (Tex. Crim. App. 1992). However, *Brady* does not apply to evidence known or available to the defense. *See Hayes v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002); *Badillo v. State*, 255 S.W.3d 125, 132 (Tex.App.—San Antonio 2008, no pet.).

## ANALYSIS

In his brief, appellant asserts the habeas court improperly denied his application alleging that he was actually innocent of the crime and that the State committed a *Brady* violation when it failed to disclose Nnadi's corruption to trial counsel. It is unclear whether appellant is thereby alleging a *Herrera*-type claim, a *Schlup*-type claim or both. Among other findings, the habeas court found 1) Nnadi sought a bribe in 2007 in exchange for appellant's avoiding prosecution, 2) Nnadi did not testify or prepare any analysis at appellant's trial, and 3) appellant failed to present any false evidence that was presented at his trial. The court concluded, in part, 1) appellant did not present any new evidence that would shed new light on

4

his conviction, and 2) appellant provided no new evidence of relevant facts that the appellant was not aware of at the time of his trial.

To the extent appellant argues a "bare claim of innocence based solely on newly discovered evidence," we conclude Nnadi's corruption does not "unquestionably establish" appellant's innocence. *Franklin*, 72 S.W.3d at 676. Further, it is not "newly discovered evidence," as appellant was well aware of it at the time of trial. *Brown*, 205 S.W.3d at 545 (concluding evidence was not newly discovered where the same evidence had been attached to a motion for new trial two years earlier). Accordingly, it does not support appellant's claim of actual innocence on that basis. *See Elizondo* 947 S.W.2d at 210 (requiring a showing by clear and convincing evidence that no reasonable juror would have convicted in light of the newly discovered evidence).

To the extent appellant's argument rests on the alleged *Brady* violations, we note that this habeas application is appellant's first. Because appellant's *Brady* claims are not procedurally barred as subsequent, a *Schlup*-type innocence claim dependent on them is improper. *Ex Parte Villegas*, 415 S.W.3d at 887. The fact that Nnadi attempted to elicit a bribe from appellant was a fact known and available to the defense.[2] Thus, because *Brady* does not apply to evidence known or available to the defense, the State did not violate its duty to disclose. *See Hayes*, 85 S.W.3d at 815, and *Jackson v. State*, 552 S.W.3d 798, 804 (Tex. Crim. App. 1976). Appellant's *Schlup*-type claim for relief depends critically on the validity of his *Brady* claims. *See Schlup v. Delo*, 513 U.S. at 315, 115 S. Ct. at 861. For these reasons, we conclude the record does not reflect the habeas court abused its

---

[2] We further note that appellant alleges only that the FBI, not the State, was aware of Nnadi's dishonesty. *See Rubalcado v. State,* 424 S.W.3d 560, 574 n.72 (Tex. Crim. App. 2014) (recognizing knowledge would not necessarily be imputed if the agent at issue worked for a different sovereign than the one who conducts the prosecution).

5

discretion in denying appellant's application for writ of habeas corpus. Appellant's issue is overruled and the order of the habeas court is affirmed.

/s/    Martha Hill Jamison
       Justice

Panel consists of Justices Jamison, McCally, and Wise.
Publish — Tex. R. App. P. 47.2(b).

Print this page

# Envelope 8141588

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 12/08/2015 03:12:22 PM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | Thomas Abbate |
| Firm Name | Tom Abbate Attorney at Law |
| Filed By | Thomas Abbate |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Mastercard 7944 |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 13265551 |
| Order # | 008141588-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | |
| Reference Number | |
| Comments | |
| Status | Rejected |

### Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

### Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 12/10/2015 05:38:13 PM | This petition is untimely; please resubmit your petition with a motion for extension of time to file. |

## Documents

| | | |
|---|---|---|
| *Lead Document* | PDR.pdf | [Original] |