

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00318-CR

JAMES CODY JARVIS                                                      APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1292950D

----------

## MEMORANDUM OPINION[1]

----------

In a single point, James Cody Jarvis contends that his eight-year sentence for burglary of a habitation violated his due process rights under the Fourteenth Amendment. U.S. Const. amend XIV. We affirm.

In 2012, appellant pled guilty to burglary of a habitation pursuant to a plea bargain. In accordance with the State's recommendation, the trial court placed

---

[1]*See* Tex. R. App. P. 47.4.

appellant on deferred adjudication community supervision for five years. In 2015, the State filed a motion to revoke appellant's community supervision and adjudicate him guilty of burglary. Appellant pled true to the allegations in the motion to adjudicate, and the trial court adjudicated him guilty. The trial court sentenced appellant to eight years' confinement. Appellant's trial counsel did not object to the sentence, nor did his appellate counsel raise a due process complaint about the sentence in the timely-filed motion for new trial.

The State first contends that appellant waived his right to appeal the trial court's judgment adjudicating him guilty because appellant agreed to such a waiver when he was initially placed on deferred adjudication community supervision pursuant to a plea bargain. But the court of criminal appeals has held that

> in a plea-bargain case for deferred adjudication community supervision, the plea bargain is complete at the time the defendant enters his plea of guilty in exchange for deferred adjudication community supervision. Rule 25.2(a)(2) will restrict appeal *only when the defendant appeals his placement on deferred adjudication community supervision pursuant to the original plea*.

*Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006) (emphasis added). Appellant is not appealing the original plea-bargained judgment placing him on deferred adjudication community supervision, and nothing in the record indicates that he pled true to the allegations in the subsequent motion to adjudicate as a result of an agreement with the State. Therefore, the cases cited by the State are inapposite; they do not involve an unbargained-for open plea of

2

true to the allegations in a motion to revoke community supervision and adjudicate guilt. *See Jones v. State*, 488 S.W.3d 801, 802–03 (Tex. Crim. App. 2016) (concluding that bargained-for waiver can preclude appeal even if agreement between State and defendant is not "plea bargain" as that term is defined in rule 25.2); *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009) (holding, in postconviction habeas appeal challenging bargained-for open plea, that defendant can validly waive entire appeal as a result of that bargain even if the bargain does not include a recommendation of punishment). Therefore, we hold that the waiver of appeal that appellant agreed to in the initial plea bargain for deferred adjudication community supervision does not bar this subsequent appeal of the trial court's unbargained-for judgment adjudicating him guilty of the offense. *See Ex parte Cruzata*, 220 S.W.3d 518, 520 & n.1 (Tex. Crim. App. 2007) (noting that trial court was correct that appellant did not need its permission to appeal after entering open plea of true to allegations in motion to adjudicate).

In his sole point, appellant contends that the eight-year sentence imposed by the trial court violates his due process rights under the Fourteenth Amendment. But because appellant did not raise this complaint in the trial court, we overrule his point. *See Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref'd).

3

We affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DAUPHINOT, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 29, 2016