**Affirmed and Opinion Filed August 11, 2022**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-21-01083-CR**
**No. 05-21-01084-CR**

### EX PARTE VICTORIA IFEANYI ANWUZIA

**On Appeal from the County Court at Law No. 1**
**Rockwall County, Texas**
**Trial Court Cause Nos. CR16-0886, CR16-0887**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Nowell

Victoria Ifeanyi Anwuzia appeals the trial court's order denying relief on her post-conviction applications for writ of habeas corpus. In a single issue, appellant argues the trial court erred by declining to review her first and third claims and holding that review was barred because the claims could have been raised on direct appeal. We affirm.

A jury found appellant guilty of assault causing bodily injury and driving while intoxicated. *Anwuzia v. State*, No. 05-21-00129-CR, 2022 WL 1448134, at *1 (Tex. App.—Dallas May 9, 2022, no pet.) (mem. op., not designated for publication). The court assessed punishment at 90 days and 60 days respectively in

the Rockwall County Jail, probated for twenty-four months. *Id.* The trial court also assessed a fine of $1000 in each case. *Id.* Appellant filed an appeal of these convictions but did not file a brief or the reporter's record. This Court affirmed the trial court's judgments. *Anwuzia v. State*, No. 05-17-01469-CR, 2018 WL 2949442, at *1 (Tex. App.—Dallas June 13, 2018, no pet.) (mem. op., not designated for publication). The State later filed motions to revoke community supervision in both cases. *Anwuzia*, 2022 WL 1448134, at *1. After a hearing, the trial court granted the motions, rendered judgments revoking appellant's community supervision, and sentenced her to 90 days and 60 days in jail respectively. *Id.*

Appellant filed an application for a post-conviction writ of habeas corpus under article 11.072 of the code of criminal procedure. TEX. CODE CRIM. PROC. art. 11.072. She asserted three grounds for relief: (1) she was erroneously allowed to represent herself at trial without proper admonishments required by *Faretta v. California*, 422 U.S. 806 (1975), and her waiver of counsel cannot be held to be voluntary; (2) the evidence is legally insufficient to sustain her conviction for assault; and (3) her conviction should be vacated because there was insufficient probable cause to detain her vehicle. The trial court denied her requested relief.

### Standard of Review

An applicant for post-conviction habeas corpus relief bears the burden of proving their claim by a preponderance of the evidence. *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016). In reviewing the trial court's order, we view the facts

in the light most favorable to the trial court's ruling, and we uphold the ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).

When the underlying conviction results in community supervision, an ensuing post-conviction writ must be brought pursuant to article 11.072 of the code of criminal procedure, and the trial judge is the sole fact-finder. *Torres*, 483 S.W.3d at 42.

When reviewing the trial court's order denying habeas corpus relief, "we afford almost total deference to a trial court's factual findings when they are supported by the record, especially when those findings are based upon credibility and demeanor." *Id.* We defer to the trial court's ruling on mixed questions of law and fact, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Ex parte Weinstein*, 421 S.W.3d 656, 664 (Tex. Crim. App. 2014). If, however, the trial court's determinations are questions of law, or else are mixed questions of law and fact that do not turn on an evaluation of witnesses' credibility and demeanor, then we owe no deference to the trial court's determinations and review them de novo. *State v. Ambrose*, 487 S.W.3d 587, 596 (Tex. Crim. App. 2016).

When the trial court determines from the face of the application and attached documents that the applicant is manifestly entitled to no relief, the court should deny the application as frivolous. TEX. CODE CRIM. PROC. art. 11.072, § 7(a). Otherwise,

the court should enter a written order including findings of fact and conclusions of law. *Id.*

### Analysis

The State contends that appellant's claims in her habeas applications could have been raised on direct appeal from her convictions. We agree.

An application may not be filed under article 11.072 if the applicant could obtain the requested relief by means of an appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 3(a); *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007); *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004) ("Great Writ should not be used" to obtain relief that should have been obtained on appeal). The writ of habeas corpus is an extraordinary remedy that is available only when there is no other adequate remedy at law. *Cruzata*, 22 S.W.3d at 520.

Appellant recognizes that she may not obtain relief by habeas if she could have obtained that relief by means of an appeal. *See* TEX. CODE CRIM. PROC. art. 11.072, § 3(a). She argues, however, that this rule does not apply to constitutional claims such as her claims regarding the lack of admonishments about self-representation and the lack of probable cause to detain her vehicle. This is incorrect. "Even a constitutional claim is forfeited if the applicant had the opportunity to raise the issue on appeal." *Townsend*, 137 S.W.3d at 81. Nothing prevented appellant from raising these contentions on direct appeal and she does not argue otherwise. *See Cruzata*, 220 S.W.3d at 520. Because appellant could have

obtained the requested relief by means of a direct appeal, she is not entitled to assert those claims by way of habeas corpus. *Id.*; *see also* TEX. CODE CRIM. PROC. art. 11.072, § 3(a).

We conclude the trial court did not err by denying appellant's applications for a writ of habeas corpus. We overrule appellant's sole issue on appeal.

## Conclusion

Because appellant's claims could have been presented on direct appeal, they are not cognizable in a post-conviction application for habeas corpus. The trial court did not err by denying the applications as frivolous. Accordingly, we affirm the trial court's orders.

/Erin A. Nowell//

ERIN A. NOWELL
JUSTICE

211083f.u05
211084f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE VICTORIA IFEANYI ANWUZIA

No. 05-21-01083-CR

On Appeal from the County Court at Law No. 1, Rockwall County, Texas Trial Court Cause No. CR16-0886. Opinion delivered by Justice Nowell. Justices Partida-Kipness and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of August, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

EX PARTE VICTORIA IFEANYI ANWUZIA

No. 05-21-01084-CR

On Appeal from the County Court at Law No. 1, Rockwall County, Texas Trial Court Cause No. CR16-0887. Opinion delivered by Justice Nowell. Justices Partida-Kipness and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of August, 2022.